(90 Misc. Rep. 517)

### PEOPLE v. MALCOLM.

(Court of General Sessions of the Peace, New York County. May, 1915.)

VAGRANCY ⬡�longrightarrow1—FORTUNE TELLERS.

Where a palmist or astrologist prophesies as to future events, such as marriage, death, and travel, she brings herself within Code Cr. Proc. § 899, subd. 3, as a person pretending to tell fortunes.

[Ed. Note.—For other cases, see Vagrancy, Cent. Dig. § 1; Dec. Dig. ⬡⟶1.]

Appeal from Magistrate's Court.

Maude Malcolm was convicted of being a disorderly person under Code Cr. Proc. § 899, subd. 3, by pretending to tell fortunes, and she appeals. Affirmed.

Humphrey J. Lynch, of White Plains, for appellant.
James A. Delehanty, of New York City, for the People.

NOTT, J. The evidence against the defendant in this case consists of the testimony of Isabella Goodwin, a police officer, who testified that on the 18th day of January, 1915, she interviewed this de-

fendant in the latter's premises at 251 West 109th street. She testified that she asked the defendant for a $2 reading; that the defendant seated herself in a chair and asked her the date of her birth, and upon learning it informed the witness that she was born under the sign of Pisces. She then gave her advice against hurrying, saying it would hurt her feet, and saying that she should not eat red meat. She thereafter examined the witness' hand and then stated that the witness would be married twice; that she would not be married until 1916, and would then marry a man of medium complexion; that she had been married to a dark-complexioned man; that in 1916 she would meet a man who was interested in machinery and would marry that man. She then asked the witness if she knew any one named Anne, and being informed that that was the name of the witness' aunt, she said that the aunt was not feeling well and was going to die in 1916 as the result of indigestion, and that in 1917 the witness would cross the ocean; that the witness' nephew was away in some place like a mining camp, and that he had written the witness, but the letter had miscarried. The witness thereupon paid the defendant $2. On cross-examination the witness testified that she had no Aunt Anne. Defendant testified that she was an astrologist and palm reader and that she had been a student of astrology and palmistry for some years. She then went on to explain the connection between astrology and palmistry. She stated that she informed Mrs. Goodwin that her palm indicated that she was to be married twice; she denied that she stated that her aunt would die in 1916; she stated that she told the complaining witness that her hand indicated that she would travel; and denied that she told her that she would cross the ocean in 1917. Upon this evidence the court found the defendant guilty and placed her under bonds in the amount of $1,500 for good behavior for one year.

So far as the testimony involved an issue of fact, as the witnesses were before the magistrate, who had the benefit of seeing them and hearing them testify, his finding that the testimony of the complaining witness was true cannot be disturbed here. The defendant, however, contends: First, that as the statute provides that those who "pretend" to tell fortunes are disorderly persons, an element of deceit or fraud must be shown in order to justify a conviction; and, second, that, where the efforts of the defendant are based upon so-called science or system such as astrology or palmistry is claimed to be, the prediction of future events does not constitute fortune telling within the meaning of the statute. On the other hand, the people contend: First, that the words "pretending to tell fortunes" in the statute simply signify the fact that the Legislature deemed it an impossible thing to tell fortunes, and made it unnecessary to present proof that fortunes were really told, by providing that any one pretending to tell fortunes should be convicted; and, second, that, as the statute contains no exceptions as to the method employed by defendants, any prediction of future events for hire is prohibited. Should the first contention of the defendant be upheld, it would be obvious that no person could be convicted under this statute until the lapse of time had proved that the prophecy was false, which would nullify the efficacy of the statute. In my opin-

ion the Legislature employed the language of the statute to signify its disbelief in human power to prophesy human events. If this is so, as the statute contains no exceptions, I am unable to see that the basis on which such prophecies are made or the methods by which such prophecies are arrived at can be material. It is obvious that where a palmist or astrologer merely deduces the character of the person consulting, and gives general advice as to the future, based upon such reading of character, no telling of fortunes is involved; but in this case the defendant went much further and prophesied as to specific events, such as marriage, death, and travel. In my opinion, therefore, she brought herself within the language of the statute and was properly convicted.

For the reasons above stated the judgment is affirmed. As neither of the above questions are free from doubt, and as it is important that the matter should be definitely determined by the higher appellate courts, if application is made therefor I shall grant a certificate of reasonable doubt pending appeal to the Appellate Division.

Judgment affirmed.