In the Matter of the Application of THE NEW YORK CENTRAL RAILROAD COMPANY, Petitioner, against GEORGE J. GILLESPIE and Others, Constituting the Board of Water Supply of the City of New York, and Others, Respondents.

Supreme Court, Ulster County, September 26, 1939.

*Harry H. Flemming,* for the petitioner.

*William C. Chanler, Corporation Counsel [Henry R. Bright and John E. Egan of counsel],* for the respondents.

BERGAN, J. Some of the defenses raised by the respondents are largely limited to questions of law. The important problem presented is whether the denials of fact in the answer present triable issues. The procedure under article 78 of the Civil Practice Act is a departure in respect of issues of fact from the procedure obtaining in actions generally. Until time enough has elapsed to give adequate judicial construction to its provisions the practice remains somewhat nebulous.

The act provides that the answer must contain " proper denials and statements of new matter, as in an action." (Civ. Prac. Act, § 1291.) Standing alone, this would mean that a denial upon information and belief or a denial of knowledge or information sufficient to form a belief as to a material allegation of fact in the petition would require a trial of the issues. This has been the universal practice governing pleadings in actions, with certain exceptions. The burden, however, is apparently placed upon the respondent by his answer and by affidavits or other proof to show that he is entitled to a trial, because the respondent is required to submit with the answer " affidavits, made by a person having knowledge of the facts  *  *  *  as shall entitle him to a trial of any issue of fact." (Civ. Prac. Act, § 1291.) That such a burden rested upon the respondent was apparently the construction placed upon the section by the Judicial Council in its report submitting this section to the Legislature. The Council said: " The purpose of the requirement that affidavits or other written proof be submitted with the answer, is to enable the court to make a summary disposition of the cause where there are no triable issues of fact, along the lines of rule 113 of the Rules of Civil Practice. The language of this portion of the proposed section is derived from rule 113." (Report of Judicial Council [1937], p. 58.)

It would seem to follow that, while the answer of these respondents is sufficient in form to comply with the requirement of section 1291 that the answer contained " proper denials " as in an action, it probably should be supplemented by some competent proof in support of such denials. The statute would seem to imply that every respondent who denies a material allegation in a petition takes the risk of a final order against him unless he proves, supplemental to the answer, that there is substance to the defense. This is so radical a departure from antecedent practice in relation to denials in pleadings that I think the court should cautiously apply the rule and that it should become well settled and well understood in the profession before it is uniformly applied.

I think, too, that there is a discretion vested in the Special Term as there would be, of course, upon a motion under rule 113 of the

Rules of Civil Practice, to decide whether there should be a summary disposition of the issues raised. I think that discretion exists in the court in determining whether, within the scope of section 1295, a triable issue of fact " is duly raised."

I conclude, therefore, that the safer and preferable practice is not to decide the issues raised summarily, but to try them. I apprehend that upon the trial the issues will be considerably narrowed and may be quickly determined and on the whole better determined than if an attempt is now made at summary disposition. In general it will be determined whether the petitioner owns the parcels claimed to be damaged by the use which the city of New York makes of the Esopus creek and whether the parcels have been damaged by such use. The remaining questions, as I see them, are largely questions of law.

I, therefore, decline to grant the final order summarily and a date for trial will be fixed at the opening of the Trial Term for Ulster county on October 2, 1939.

The briefs and papers submitted upon this application may be obtained at Albany.