HENRY GERSTEN, and DANIEL E. FINN, as Sheriff of the County of New York, Appellants, v. SCHRODER TRUST COMPANY, Respondent.— In an action by an attaching creditor and the sheriff of New York county, pursuant to sections 922 and 943 of the Civil Practice Act, to reduce to the possession of the sheriff funds in the possession of defendant, judgment dismissing the complaint on the merits unanimously affirmed, with costs. No opinion. Present — Hagarty, Johnston, Adel, Taylor and Close, JJ.

In the Matter of the Application of CHARLES BAADE, Respondent, against THE CITY OF GLEN COVE and Others, Appellants. (Appeal No. 1.) — Proceeding for an order directing the reinstatement of respondent to the position of special policeman in the city of Glen Cove, and for certain other relief. Resettled order denying appellants' motion to dismiss the petition unanimously affirmed, with ten dollars costs and disbursements. No opinion. Appeal from the original order, dated April 26, 1940, dismissed, without costs. Present — Hagarty, Johnston, Adel, Taylor and Close, JJ.

In the Matter of the Application of CHARLES BAADE, Respondent, against THE CITY OF GLEN COVE and Others, Appellants. (Appeal No. 2.) — Proceeding for an order directing the reinstatement of respondent to the position of special policeman in the city of Glen Cove, and for certain other relief. Order directing a trial of the issues of fact affirmed, with ten dollars costs and disbursements. It is undisputed that the petitioner first became a member of the United States Army in May, 1919. Accordingly, he is not a World War veteran entitled to the veteran's privileges granted by section 22 of the Civil Service Law. Triable issues remain as to whether or not the petitioner was validly appointed to a position in the competitive class of the city service, and, if so, whether or not his dismissal was valid. Hagarty, Adel, Taylor and Close, JJ., concur; Johnston, J., dissents and votes to reverse the order and to grant judgment on the pleadings in favor of appellants, on the ground that there is enough in this record to show conclusively that there was neither ratification nor confirmation of respondent's appointment.