J. Sidney Bernstein, J.
This is an application for an order directing the Civil Service Commission to certify the petitioner for transfer to the position of Inspector of Construction, Grade 3, in the office of the President of the Borough of Queens.
The petitioner, heretofore employed as an Inspector of Construction in the office of the Board of Transportation and temporarily suspended therefrom for lack of work, claims to be entitled to the transfer by reason of his civil service status as an honorably discharged soldier in the world war and the fact that there is an existing vacancy in the office of the President of the Borough of Queens which he is fitted to fill (Civil Service Law, § 22). The uncontradicted proof establishes that his service as a soldier in the Army began on March 23, 1920, and ended on March 22, 1921, after the cessation of hostilities in World War I and the signing of the armistice, but before the ratification of the treaty of peace by the Senate of the United States on July 2, 1921. This proof, say the respondents, negatives the petitioner’s claim to the status of a soldier who had served during the world war and justifies their refusal to certify.
The Civil Service Law (§ 22, as amd. by L. 1920, ch. 833; L. 1940, ch. 572; L. 1941, ch. 111) does not define the words ‘ ‘ during the world war ’ ’, and resort must be had to other sources to determine their meaning. The petitioner invokes for that purpose a statute of the United States which describes the term of the world war as from April 6, 1917 to July 2, 1921 (U. S. Code, tit. 38, § 424, subds. [14], [15]). An examination of that statute indicates, however, that its application is limited to the purpose of administration of veterans’ relief. Other provisions of the same statute fix the date of termination of the war as November 11, 1918, for the purpose of pension eligibility (§ 701, subd. [e]) and as November 12, 1918, for the purpose of adjusted compensation benefits (§ 592, subd. [a]). *172 All those dates relate to the single subject of pensions, bonuses and veterans7 relief, as the caption of the title indicates, and it is no more logical to select one date from that statute than it is to select either of the others in construing the meaning of a State law designed for a totally different purpose. Obviously, the Legislature of the State did not have that statute in mind when it used the words “ during the world war ” in the section under consideration.
Those words have come to have a clear and definite meaning in our language. They have been used commonly to describe the period beginning with our entry into World War I and ending with the armistice on November 11, 1918, and they have come to be so understood universally. (Scott v. Commissioner of Civ. Serv., 272 Mass. 237.) It must be assumed that the Legislature used those words in the sense in which they are naturally and ordinarily so used. The statute was designed to give a preference to those who risked their lives for their country in war time. It may not be extended to one who served in peace time. Since the petitioner did not enter the service until 16 months after the conclusion of hostilities, he did not become entitled to the preference (Matter of Baade v. City of Glen Cove, 263 App. Div. 999). Application denied and petition dismissed.