In the Matter of VINCENT J. KANE et al., on Behalf of Themselves and All Others Similarly Situated, Petitioners, against PATRICK WALSH, as Fire Commissioner and Chief of the Fire Department of the City of New York, Respondent.

Supreme Court, Special Term, New York County, February 4, 1944.

*David A. Savage* for petitioners.

*Ignatius M. Wilkinson, Corporation Counsel (Seymour B. Quel, Hortense M. Wittstein* and *Harry Hollander* of counsel), for respondent.

McLAUGHLIN, J. This is a proceeding brought pursuant to article 78 of the Civil Practice Act by four uniformed firemen, who seek an order directing the defendant, Fire Commissioner and Chief of the Fire Department, to discontinue the enforcement of involuntary service of all uniformed firemen in excess of eight consecutive hours within a period of twenty-four consecutive hours and to rescind those provisions of Special Order No. 258 which are in contravention to section 487a–11.0 of the Administrative Code of the City of New York (L. 1937, ch. 929).

The Special Order provides in substance that the members of the uniformed force shall serve three extra eight-hour tours of " added duty " in every twenty days, and states that it becomes the duty of the Fire Commissioner-Chief of the Department to order this in the interests of public safety because of an acute manpower shortage in the uniformed force and the necessity for furnishing adequate protection to life and property in the present war emergency.

Section 487a–11.0, which provides for the three-platoon system, prohibits the assignment of uniformed firemen " to

more than one tour of duty in any twenty-four consecutive hours " and states that " no tour of duty shall exceed eight consecutive hours." It contains an exception, however, " in the event of conflagrations, riots or other similar emergencies ", in which case " such platoons or members thereof shall be continued on duty for such hours as may be necessary."

The respondent contends that the war with the resultant depletion of personnel and increased fire hazard has created an emergency within the meaning of the statute. He argues that such emergency is similar to conflagrations or riots within the meaning and intent of section 487a–11.0. He says that the facts justify his action in promulgating rule 258. The question is, what are these facts in view of the claims made by the petitioners? On the other hand the petitioners assert that the law covering the three-platoon system is very explicit; that its language shows that what was contemplated concerns an emergency which would be a very temporary condition running almost concurrently with each day's operation of the three-platoon system. It is also urged that such language never contemplated a war that has lasted now well into its third year and which might last several more years; that it is more than reasonably safe to say that the only emergency intended was one kindred to a conflagration or riot. The petitioners say that had the Legislature intended to include an emergency such as proposed by the defendant, it would have been a very simple matter for it to say so, and that it would amount to judicial legislation for the court to stretch the meaning of emergency as now used to include the war with its draft upon manpower and other matters connected with it.

If what the respondent maintains be established by proper proof of facts, then this petition should be dismissed on the ground that the emergency created would justify the action of the Commissioner. On the other hand, if what the petitioners maintain to be the facts is established by competent evidence, then the petitioners would have a clear right to the relief sought, provided the court believes that it should so exercise its discretion. However, the facts are sharply in dispute and the court cannot determine them on the papers before it. A proper disposition can be had only after a full trial with complete cross-examination of the witnesses presented. (*Matter of Pape* v. *Kern,* 263 App. Div. 557; *Ellsworth, Barrows & Co.* v. *Ward,* 255 App. Div. 91; *Matter of Baade* v. *City of Glen Cove* [*Appeal No. 2*], 263 App. Div. 999; *Matter of Dubow* v. *Ross,* 254 App. Div. 706; *Matter of N. Y. Central R. R. Co.* v. *Gillespie,* 172 Misc. 112.)

The second proposition presented is that even though the petitioners show a violation on the part of the respondent of the petitioners' rights under the specific section of the Administrative Code, the granting of the relief sought still rests in the sound discretion of the court. (*Matter of Coombs* v. *Edwards*, 280 N. Y. 361; *Matter of Black* v. *O'Brien*, 264 N. Y. 272.) Here again the court is faced with conflicting facts which must be established in order for it to properly exercise its discretion. The true facts can best be brought out upon a trial, where the right of cross-examination is fully exercised.

In connection with both these propositions it will be necessary for the court or a jury to inquire, among other things, as to whether there is an emergency and whether the emergency is such that the respondent could have met and overcome it by other means than the disruption of the three-platoon system which is required to be in operation by law. In addition, the trier of the facts should pass upon the question of the good faith of the Commissioner's acts. In that respect it must be determined whether the present undermanning of the Fire Department is of such proportion as to constitute a threat to public safety; whether there is at this time any danger of an air raid, and whether the fire hazard has been so far increased as to warrant the action of the Fire Commissioner. The trier of the facts should also determine whether the " V " duty is sufficient to meet any present emergency without the enforcement of Special Order No. 258. These and the other issues of fact can be properly determined only at a trial.

Motion is disposed of by granting and directing that the proceeding be placed upon the Trial Term, Part II, calendar of this court for February 14, 1944, for hearing pursuant to the provisions of section 1295 of the Civil Practice Act. Settle order containing proposed questions.