In the Matter of JULIA PELLMAN et al., Petitioners, against LEWIS J. VALENTINE, as Police Commissioner of the City of New York, Respondent.

Supreme Court, Special Term, New York County, July 27, 1945.

*Hays, St. John, Abramson & Schulman* for petitioners.

*Ignatius M. Wilkinson, Corporation Counsel (Charles E. Weinstein* and *Herbert Lasky* of counsel), for respondent.

BENVENGA, J. This is an application under article 78 of the Civil Practice Act for an order requiring the Police Commissioner of the City of New York to issue to each of the petitioners an identification card as a cabaret employee, and for an order declaring void a regulation of the Police Commissioner which prohibits character reading, clairvoyance and fortunetelling in cabarets.

Concededly, each of the petitioners has been employed in different cabarets in the city of New York; each has received an identification card under a regulation of the Police Commissioner of the City of New York which prohibits the employment in a cabaret of a person who does not hold such an identification card (see *Matter of Friedman* v. *Valentine,* 177 Misc. 437, which upheld the validity of the regulation); and each of the petitioners is engaged in " character analysis or character reading either by palmistry or graphology ".

Following the promulgation of the regulation here involved, the Police Commissioner has required the petitioners to surrender their identification cards, and has refused to issue new identification cards to them. The regulation in question provides: " No person in a cabaret shall be permitted to practice character reading, clairvoyance or fortune telling, whether by palmistry, astrology, phrenology or any other name or method." (Regulations Governing Cabarets, regulation 22.)

The petitioners argue that character analysis or character reading, whether by palmistry or any other method, is a lawful occupation, and that, though it may be regulated by the Police Commissioner under the authority vested in him (see New York City Charter [1938], §§ 435, 436, 885), it cannot be prohibited. On the other hand, the Police Commissioner contends that, though the petitioners describe themselves as " character analysts " or " character readers ", they are in reality fortune-

tellers, and that their occupation comes within the prohibition of section 899 of the Code of Criminal Procedure, which defines " Persons pretending to tell fortunes " as " disorderly persons " and makes them punishable as such.

A " fortune teller " is one who pretends to be able to reveal future events and makes a practice of foretelling them (*People ex rel. Priess* v. *Adams,* 32 N. Y. Crim. Rep. 326, 342; Bouvier's Law Dict. [Rawle's 3d Revision]). Fortunetelling is condemned in Deuteronomy (see Deuteronomy 18:10, 12 [Douay Version]) and has been prohibited in England since Elizabethan times (39 Eliz., ch. 4). Our statute against fortunetelling (Code Crim. Pro., § 899) is based upon the English Vagrancy Act of 1824 (5 Geo. IV, ch. 83, § 4), which provides that " Every person pretending or professing to tell fortunes, or using subtle craft, means, or device, by palmistry or otherwise ", is punishable as a rogue and vagabond.

The purpose of these statutes is " the more effectually to prevent such practices whereby ignorant persons were frequently deluded and defrauded." (*People* v. *Ashley,* 184 App. Div. 520, 522, 523.) Under such statutes, the telling of fortunes as a business, as distinguished from amusement or entertainment, is an offense, regardless of the means employed or the principles upon which such prophecies are made (*Fay* v. *Lambourne,* 124 App. Div. 245, 247, affd. 196 N. Y. 575; *People* v. *Ashley, supra,* p. 526; *People* v. *Malcolm,* 90 Misc. 517, 519, 520; see Note, 43 L. R. A. [N. S.] 203; Note 1914A Ann. Cas. 899; Note 14 A. L. R. 1489).

As NOTT, J., said in the *Malcolm* case (*supra,* p. 520): " In my opinion the legislature employed the language of the statute to signify its disbelief in human power to prophesy human events. If this is so, as the statute contains no exceptions, I am unable to see that the basis on which such prophecies are made or the methods by which such prophecies are arrived at can be material." Accordingly, the learned Judge held that a palmist or astrologer who prophesied as to future events, such as marriage, death and travel, was properly convicted of being a disorderly person under our statute.

Influenced, undoubtedly, by the decision of FRESCHI, M., in the earlier *Adams* case (32 N. Y. Crim. Rep. 326, 343, *supra*), the learned Judge did say, by way of dictum, that: " where a palmist or astrologer merely deduces the character of the person consulting, and gives general advice as to the future, based upon such reading of character, no telling of fortunes is involved ". In other words, a person who does not tell or

pretend to tell fortunes is not a disorderly person within the prohibition of the statute.

It would seem to follow, therefore, that so much of the regulation as prohibits the telling of fortunes in cabarets, "whether by palmistry, astrology, phrenology or any other name or method", including clairvoyance, must be upheld. Such an occupation is unlawful, and any person who practices it is a disorderly person and punishable as such. But a person who merely practices character reading or character analysis is not a disorderly person. Accordingly, while that occupation may be regulated, it may not be prohibited (*Good Humor Corp.* v. *City of New York*, 290 N. Y. 312). But this does not mean that a person may, with impunity, tell fortunes under the guise of character analysis or character reading. The telling of fortunes, regardless of the means or methods employed, is forbidden.

Nor does this mean that a person who describes herself as a character reader or character analyst is entitled to an identification card as a matter of course. Such a person may be, as the Police Commissioner contends these petitioners are, nothing more than fortunetellers masquerading under a new name or label. Here, a triable issue of fact is presented, as to which the parties are entitled to a trial (Civ. Prac. Act, §§ 1291, 1295; *Matter of New York Central R. R. Co.* v. *Gillespie*, 172 Misc. 112, 113).

Settle order in accordance herewith not later than July 31, 1945.