Patrick J. McNulty, Respondent, v. The City of New York, Appellant.

Pleading — Independent Defense. Under section 500 of the Code of Civil Procedure, requiring an answer to contain "a statement of any new matter constituting a defense," the defense that an appropriation for street cleaning purposes in the city of New York was exhausted and that the payment of claims for extra work by drivers in the street cleaning department would be in violation of section 47 of the Consolidation Act (L. 1882, ch. 410), must be pleaded if relied upon by the city in an action to recover the amount of such claims.

*McNulty* v. *City of New York*, 60 App. Div. 250, affirmed.

(Submitted June 20, 1901; decided October 1, 1901.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 17, 1901, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Whalen*, Corporation Counsel (*Theodore Connoly* and *Terence Farley* of counsel), for appellant. The Labor Law of 1870 does not include drivers in the street cleaning department. (*People ex rel.* v. *Waring*, 1 App. Div. 594; 149 N. Y. 621; *People ex rel.* v. *Waring*, 7 App. Div. 247; *People ex rel.* v. *McCartney*, 28 App. Div. 138; *People ex rel.* v. *McCartney*, 34 App. Div. 19; *People ex rel.* v. *McCartney*, 36 App. Div. 39.) Even assuming that the "Eight Hour Law" (Laws of 1870, chap. 385) applies to drivers in the street cleaning department, still the defendant is not liable to the plaintiff or his assignors for labor beyond the statutory time, unless it were provided for in the contract of employment. (*McCarthy* v. *Mayor, etc.*, 96 N. Y. 1; *Helphensteine* v. *Hartig*, 5 Ind. App. 172; *Grisell* v. *N. B. F. F. Co.*, 9 Ind. App. 257; *Bartlett* v. *St. Ry. Co.*, 82 Mich. 658; *Drake* v. *State*, 144 N. Y. 414; *Luske* v. *Hotchkiss*, 37 Conn. 219; *United*

*States* v. *Martin*, 94 U. S. 400; *Averill* v. *United States*, 14 Ct. Cl. Rep. 200; *Collins* v. *United States*, 24 Ct. Cl. Rep. 320.) The testimony fails to show that an agreement for extra compensation was " previously made by the parties " before the extra work was performed, or " that the services were rendered under circumstances authorizing an expectation of compensation therefor, or the inference that they would not otherwise have been rendered." (*Ross* v. *Hardin*, 79 N. Y. 84; *Perry* v. *Woodbury*, 44 N. Y. S. R. 287.) The provisions of chapter 415 of the Laws of 1892 do not alter this rule of liability. (*Tyrrell* v. *Mayor, etc.*, 159 N. Y. 239.) Assuming that the commissioners of street cleaning made agreements with their drivers to pay them extra compensation for overtime, or the circumstances are such that a promise to pay can be implied, such contracts are in violation of section 47 of the Consolidation Act. (*Lethbridge* v. *Mayor, etc.*, 133 N. Y. 232; *Dixon* v. *City of N. Y.*, 31 Misc. Rep. 102.) It is said, however, that this defense is unavailing, because not pleaded. This argument is untenable. (*Merzbach* v. *Mayor, etc.*, 10 Misc. Rep. 131; *Donovan* v. *Mayor, etc.*, 33 N. Y. 291; *McDonald* v. *Mayor, etc.*, 68 N. Y. 23; *Head* v. *P. Ins. Co.*, 2 Cranch, 127; *Reining* v. *City of Buffalo*, 102 N. Y. 308; *Nelson* v. *Mayor, etc.*, 63 N. Y. 535; *Kingsland* v. *Mayor, etc.*, 5 Daly, 448.) A servant may claim neither an express nor an implied contract to pay for services rendered under a contract of employment which is in violation of law, and in no case can a contract be implied when the parties to it are in *pari delicto*, and where plaintiff, to make his case, must resort to the illegal transaction. (*Miller* v. *Ammon*, 145 U. S. 422; *State* v. *Goff*, 20 Ark. 289; *McGrath* v. *Merwin*, 112 Mass. 467; *Bernara* v. *Lupping*, 32 Mo. 241; *Edgar* v. *Fowler*, 3 East, 225; *Biggs* v. *Lawrence*, 3 T. R. 454; *Camden* v. *Anderson*, 6 T. R. 730; Wood on Mast. & Serv. §§ 200, 207, 208; *Bank of United States* v. *Owens*, 2 Pet. 538; *Woods* v. *Armstrong*, 54 Ala. 150.) Where no grounds are specified for a nonsuit the motion is sufficient if it be apparent that the objection made to the plaintiff's recovery could not have been obviated

if it had been particularly specified. (*Gerding* v. *Haskin*, 141 N. Y. 514.)

*Delos McCurdy* and *William J. Walsh* for respondent. It appearing from the record that the affirmance was unanimous, and the order permitting the appeal to this court not containing any certificate that a question of law was involved which ought to be reviewed by this court, this court is without jurisdiction to entertain the appeal. The court can only look to the order to ascertain the grounds upon which the court below proceeded. (*Hewlett* v. *Wood*, 67 N. Y. 396; *D. U. S. C. Co.* v. *D. Tel. Co.*, 84 N. Y. 156; *Harroun* v. *B. El. L. Co.*, 152 N. Y. 212; *People ex rel.* v. *Barker*, 152 N. Y. 417; *Boyd* v. *Gorman*, 157 N. Y. 365; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166; *Farleigh* v. *Cadman*, 159 N. Y. 170; *Spies* v. *Lockwood*, 165 N. Y. 481; *Queen* v. *Weaver*, 166 N. Y. 398; *Fairchild* v. *Edson*, 154 N. Y. 199.) The Appellate Division having by its order and judgment affirmed the judgment entered upon the report of the referee, thereby sustained all his findings of fact, and there being evidence to sustain such findings, they are conclusive upon this court. (*Derham* v. *Lee*, 87 N. Y. 599; *Finch* v. *Parker*, 49 N. Y. 1; *McDanolds* v. *Titus*, 57 N. Y. 655; *Woodruff* v. *Valentine*, 57 N. Y. 663; *Quincey* v. *White*, 63 N. Y. 370; *Verplanck* v. *Member*, 74 N. Y. 620; *Reynolds* v. *Robinson*, 82 N. Y. 103; *Whitaker* v. *I. S. Mfg. Co.*, 94 N. Y. 647; *Keasbey* v. *B. C. Works*, 142 N. Y. 467; *Crim* v. *Starkweather*, 136 N. Y. 635.) The conclusions of law found by the learned referee were sustained by the evidence. There was no conflict of evidence nor was any evidence on the part of the plaintiff respondent controverted. The referee was bound to find as he did on the evidence adduced and the conclusions of law directing judgment followed as a legal sequence upon the facts found. (*Matter of Plumb*, 24 Misc. Rep. 249; *Farren* v. *McDonnell*, 74 Hun, 176; *Hunter* v. *Manh. Ry. Co.*, 141 N. Y. 281; *Turner* v. *Weston*, 133 N. Y. 654; *Daniels* v. *Smith*, 130 N. Y. 696; *Hays*

v. *Miller,* 70 N. Y. 112 ; *Hedges* v. *Polhemus,* 14 Misc. Rep. 309.) No question for review is raised by the exception to the denial of the motion to dismiss the complaint upon the ground that plaintiff had failed to prove a cause. of action because the motion was too general. It failed to point out any specific defect in the proofs and was, therefore, ineffectual and unavailable. (*Flandrow* v. *Hammond,* 148 N. Y. 130 ; *Gerding* v. *Haskin,* 141 N. Y. 520 ; *Quinlan* v. *Welch,* 141 N. Y. 158 ; *Booth* v. *Bunce,* 31 N. Y. 246 ; *Binsse* v. *Wood,* 37 N. Y. 526 ; *Sterrett* v. *T. Nat. Bank,* 122 N. Y. 659 ; *Kafke* v. *Levensohn,* 18 Misc. Rep. 202 ; *Knell* v. *Stephan,* 48 N. Y. S. R. 190 ; *Thayer* v. *Marsh,* 75 N.Y. 340 ; Baylies Trial Pr. 226.) The claim made by the appellant for the first time before the Appellate Division that by reason of the absence of appropriation to meet this extra compensation, thereby the respondent was precluded from recovering, was new matter which should have been pleaded as a defense to be available. (Code Civ. Pro. § 500 ; *Milbank* v. *Jones,* 127 N. Y. 370 ; *Fischer* v. *M. L. Ins. Co.,* 167 N. Y. 178 ; *Crane* v. *Powell,* 139 N. Y. 379 ; *Dingeldein* v. *T. A. R. R. Co.,* 37 N. Y. 575 ; *Goodwin* v. *M. M. L. Ins. Co.,* 73 N. Y. 481 ; *Dubois* v. *Hermance,* 56 N. Y. 674 ; *Honegger* v. *Wettstein,* 94 N. Y. 252 ; *Weaver* v. *Barden,* 49 N. Y. 289 ; *Morrell* v. *E. F. Ins. Co.,* 33 N. Y. 429 ; *Brennan* v. *Mayor, etc.,* 62 N. Y. 365.) The stipulation made by appellant in open court is conclusive upon the "overtime" worked. (*Hamilton* v. *City of Buffalo,* 55 App. Div. 423 ; *Bush* v. *O'Brien,* 164 N. Y. 213 ; *McCann* v. *City of New York,* 166 N. Y. 587 ; *McAvoy* v. *City of. New York,* 166 N. Y. 588.) There is no proof that the commissioners had exceeded their appropriation, and if such proof was before the court it would not constitute a defense in this action. (*Dixon* v. *City of N. Y.,* 31 Misc. Rep. 102.) The respondent's cause of action was based upon a statute allowing extra compensation to his assignors. (*Tyrrell* v. *Mayor, etc.,* 159 N. Y. 239 ; *McCarthy* v. *Mayor, etc.,* 96 N. Y. 1 ; *McCormick* v. *Mayor, etc.,* 14 Misc. Rep. 272 ; *Welch* v. *City of New York,* 33 Misc. Rep. 377.) The assignors of

respondent were as much entitled to receive this extra compensation for "overtime" as they were to receive their original compensation for work during the regular hours during the day. Both were fixed by statute and could not be reduced or diminished. (*McCunney* v. *City of New York*, 40 App. Div. 482; *McMahon* v. *Mayor, etc.*, 22 App. Div. 113; *Kehn* v. *State*, 93 N. Y. 291; *People ex rel.* v. *Bd. of Police*, 75 N. Y. 38.) The statute (L. 1892, ch. 415) is not an unusual one. (*U. S.* v. *Post*, 148 U. S. 124; *Timmonds* v. *U. S.*, 34 Fed. Rep. 935; *Coleman* v. *U. S.*, 81 Fed. Rep. 826.) The validity of the statute was not questioned on the trial, nor is it attacked in the answer and it cannot now be questioned for the first time on appeal. (*Purdy* v. *E. R. R. Co.*, 162 N. Y. 42; *Vose* v. *Cockcroft*, 44 N. Y. 415; *Delaney* v. *Brett*, 51 N. Y. 78; *Codd* v. *Rathbone*, 19 N. Y. 37; *Baldwin* v. *N. Y. C. R. R. Co.*, 2 N. Y. Supp. 481; *Davidson* v. *M. N. R. R. Co.*, 11 App. Div. 28; *Stokes* v. *Mackay*, 82 Hun, 449.) Even if there were no statute fixing the hours of labor of drivers in the department of street cleaning or elsewhere, the respondent was entitled to recover not only under the act authorizing it, but by reason of the agreement and stipulation of the defendant made in open court, that each of the respondent's assignors had worked "overtime" and that the then commissioner of street cleaning "deemed it necessary and required them to so work overtime." (*Chauran* v. *Maillard*, 56 App. Div. 13; *Davidson* v. *M. N. R. R. Co.*, 11 App. Div. 28; *Stock* v. *Le Boutillier*, 19 Misc. Rep. 112; *Brown* v. *T. A. R. R. Co.*, 19 Misc. Rep. 504; *Fox* v. *Matthiessen*, 84 Hun, 396; *Stokes* v. *Mackay*, 82 Hun, 449; *City of N. Y.* v. *U. Ry. Co.*, 31 Misc. Rep. 451; *Baldwin* v. *N. Y. C. R. R. Co.*, 2 N. Y. Supp. 481.)

Haight, J. This action was brought by the plaintiff, as assignee of between seven and eight hundred drivers in the street cleaning department, to recover for extra work performed by them in working more than eight hours per day between January 1st, 1892, and April 26th, 1894. The

referee has found as facts that extra work was performed by plaintiff's assignors; that they worked overtime with the understanding that they were to be paid therefor; that it was necessary in order to perform the work required by the department and that the city was liable therefor, and concluded by ordering judgment in favor of the plaintiff for $203,399, with costs. This judgment has been affirmed by the Appellate Division by a divided court and is now brought up for review in this court. The facts are without substantial conflict, the commissioners conceding that it was understood by the men that they were entitled to be paid for work overtime.

All of the questions of law involved have been satisfactorily disposed of by the Appellate Division, and there is but one question that requires further consideration here. Section 47 of the Consolidation Act provides that "It shall be the duty of the heads of all departments of said city, and of all boards and officers charged with the duty of expending or incurring obligations payable out of the moneys raised by tax in said city, so to regulate such expenditures for any purpose or object, that the same shall not in any one year exceed the amount appropriated by the board of estimate and apportionment for such purpose or object; and no charge, claim, or liability shall exist or arise against said city for any sum in excess of the amount appropriated for the several purposes." (L. 1882, ch. 410.) It is now claimed on behalf of the city that there can be no recovery in this case for the reason that the appropriation for street cleaning purposes was exhausted. The testimony upon the subject was delivered by Commissioner Andrews, who stated that he was allowed for his department in 1894 $2,361,000 and that his estimate of the amount necessary was $3,000,000, but he was obliged to get along with the lesser sum; and in answer to the question as to why the men were not paid for their overwork his answer was "Simply because of lack of appropriation." As we have seen, the work was performed between the 1st day of January, 1892, and the 26th day of April, 1894. We are not advised by the evidence as to the amount of the

appropriation for the years 1892 and 1893 or as to whether
the appropriation was exhausted in those years so that the
plaintiff's assignors could not be paid. We are inclined to the
view that the evidence falls short of establishing a defense
under this provision of the charter. There is, however,
another answer to the contention of the appellant. Its answer
was a general denial, and an allegation that the employment
of the plaintiff's assignors was under a stated salary which
was regularly paid to and accepted by them in full satisfaction
and discharge for all services rendered. There is no allega-
tion of want of funds or of a violation of section 47 of the
Consolidation Act alleged as a defense. Section 500 of the
Code of Civil Procedure provides that the answer must con-
tain " A general or specific denial of each material allegation
of the complaint controverted by the defendant, or of any
knowledge or information thereof sufficient to form a belief ; "
also " A statement of any new matter constituting a defense
or counterclaim, in ordinary and concise language without
repetition." Under this provision of the Code all of the
allegations of the complaint may be controverted by a denial
and upon this pleading the defendant succeeds unless the plain-
tiff is able to establish the allegations of his complaint, in
which case he becomes entitled to judgment unless the defend-
ant has an independent defense consisting of new matter or
counterclaim which he has set forth in his answer. In this
case the plaintiff has established the allegations of his com-
plaint. The referee has so found and this finding has been
approved by the Appellate Division. He is, therefore, enti-
tled to judgment unless the defendant has an independent
defense. The provisions of the charter referred to were not
set forth in the answer as a defense, and there is no allegation
that the appropriation for either of the years for which the
plaintiff's assignors worked for the city was exhausted or was
insufficient to pay them, or that such deficiency existed at the
time their services were rendered.

    In the case of *Milbank* v. *Jones* (127 N. Y. 370–376) the
rule was stated as follows : " The general denial put in issue

all matters which the plaintiff was bound to prove, nothing more. He was required to prove the contract entered into by the defendant, which was, on its face, valid. Having accomplished that he could not be compelled to enter into a controversy over matters not appearing in the contract involving the question of its validity or invalidity, because he had not been notified by the answer that the defendant proposed to assert his own participation in that which was a violation of law as a shield against the consequences of his agreement." In *Brennan* v. *Mayor, etc., of N. Y.* (62 N. Y. 365), the complaint alleged, in substance, that in March, 1871, the plaintiff was appointed by the comptroller of the city an attendant upon the Court of Common Pleas; that he entered upon his duties and continued to perform them until June 1st, 1872, and claimed the right to recover the balance of his salary unpaid. The defendant's answer was a denial of the allegation simply. It was held that, under the pleading, it was not competent for the defendant to prove that the appointment of the plaintiff was in excess of the number of employees allowed by law, *or that the funds for the payment of such employees were exhausted.*

In so far as the highway laws are analogous to the question under consideration the want of funds was always available only as a defense. (*Whitlock* v. *Town of Brighton,* 2 App. Div. 23; affirmed without opinion in 154 N. Y. 781; *McMahon* v. *Town of Salem,* 25 App. Div. 2; *Quinn* v. *Town of Sempronius,* 33 App. Div. 75; *Boyce* v. *Town of Shawangunk,* 40 App. Div. 602; *Bidwell* v. *Town of Murray,* 40 Hun, 196; *Getty* v. *Town of Hamlin,* 46 Hun, 5; *Clapper* v. *Town of Waterford,* 131 N. Y. 388, 389.) Without following the authorities further we are clearly of the opinion that if such a defense is to be relied upon by the city, it should be set forth in the answer and an opportunity thus given to the plaintiff to ascertain the amount of the appropriation each year together with the amount of the expenditures thereunder, and as to whether the fund was exhausted, and, if so, when.

As to whether the provision of the charter referred to con-

stitutes a defense we do not now determine. That question is one of great importance and should not be determined without the aid of full argument and the views of the court below.

The judgment should be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, VANN and WERNER, JJ., concur.

Judgment affirmed.