In the Matter of the Application of WILLIAM HAGAN, etc., and Others, Petitioners, against ROBERT MOSES, Commissioner of Parks of the City of New York, Respondent.

Supreme Court, New York County, December 12, 1939.

*Maloney & Doyle*, for the petitioner.

*William C. Chanler, Corporation Counsel*, for the respondent.

COLLINS, J. The petitioner, a park laborer, suing for himself and for others similarly situated, seeks compensation for work done on Saturdays in excess of four hours during July and August in the years 1937, 1938 and 1939. The claim is predicated on an ordinance of the board of aldermen, adopted in 1913, and carried into the Administrative Code (§ B40–11.0).

The ordinance lends color to the petitioner's contention inasmuch as it provides that " four hours on any Saturday during the months of July and August shall constitute a full day's work for all employees of any city agency." The ordinance proceeds: " The head of any agency shall have power to employ his subordinates on any legal holiday, or may employ them on any such Saturday in excess of the legal day's work above prescribed, paying them compensation

therefor at the rate of their usual wages or salaries. The provisions of this section shall apply to and include per diem employees, but shall not apply to the uniformed forces of the police and fire departments."

The ordinance, however, obviously clashes with the budget-making policy of the city. Indeed, if the ordinance is enforced — and, significantly, no attempt to enforce it has been made during its twenty-six years' existence — the result would be the laceration of the budgetary system. Patently, such havoc is to be avoided unless the plain mandate of the law compels the wreck. I do not perceive that the disaster is inevitable.

The fixing of positions and appropriations for the salaries of those positions are vested in the first instance in the board of estimate. This was so under the old charter as well as under the new. As to per diem employees, the number of days to be worked and the per diem salary to be paid are fixed, and the total amount of money appropriated for this purpose is established in the annual budget. This budget is then submitted to the city council (board of aldermen under the old charter). But the council has not now, and the aldermanic board did not then have power to *increase* the salaries or compensation so fixed. The head of a department was not, and is not now, empowered to increase the compensation of those in his department. Reduce, yes; but increase, no. It bears emphasizing that the city could not function efficiently or intelligently without a budget. The absence of a budget would invite bankruptcy. If the budget, once adopted, could be wedged with intermittent increases, if it were made pliable, the undermining would produce a collapse. The chief function and virtue of a budget is its non-elasticity. An elastic budget, a budget which can be bulged with increases, particularly by heads of departments, is susceptible to bursting. These principles are reflected in the budget scheme. This ordinance conflicts with that scheme.

Of necessity some of the departments operate on a seven-day basis. To prevent any one from working seven days a week, however, the working days of employees in these seven-day departments are staggered. To uphold this claim would operate unequally, and, hence, unfairly.

The ordinance runs counter to section 56 of the old charter, which exempted day laborers, among others, from its operation. More, that section required the concurrence of the board of aldermen and the board of estimate and apportionment as to the fixation of salaries. Yet the ordinance here invoked as a basis for relief is an expression of the board of aldermen alone. The board of estimate and apportionment did not concur therein. The board of aldermen alone had no power to fix salaries or compensation.

The petitioner argues that the ordinance does not fix compensation, that it provides merely for half holidays. The effect, however, is the same.

The restatement of the ordinance in the Administrative Code does not validate the ordinance. (Administrative Code, §§ 1–0.0, 982–2.0, 983–1.0, subd. c.)

I am satisfied that the ordinance is not a valid authority for the payment of the extra compensation here sought. The board of aldermen alone had no power to make the grant, nor did the head of the park department. (*Thoma* v. *City of New York*, 263 N. Y. 402, 405.)

In view of the foregoing, it is unnecessary to discuss the other points presented by the defendants.

The motion is in all respects denied.