JOHN P. CRANE et al., Plaintiffs, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, July 19, 1945.

*Ignatius M. Wilkinson, Corporation Counsel (Seymour B. Quel and Helen R. Cassidy* of counsel), for defendant.

*David A. Savage* for plaintiffs.

HECHT, J. Defendant moves to dismiss the complaint, as legally insufficient, pursuant to rule 106 of the Rules of Civil Practice.

In summary, the complaint alleges: Plaintiffs are members of the uniformed force of the Fire Department of the City of New York, who were on January 1, 1944, receiving, as first grade firemen, a salary of $3,000 per annum, or $1.20 per hour, pursuant to section 487a–8.0 of the Administrative Code of the City of New York; that on January 1, 1944, plaintiffs were directed by the Commissioner of the Fire Department of the City of New York to work more than eight hours per day and in excess of forty-eight per week; that from January 1, 1944, to and including April 29, 1944, plaintiffs worked a total of 144 hours overtime; that this overtime work was performed with the knowledge, consent, approval and direction of the city officials and in accordance with a fixed schedule promulgated by the Fire Commissioner; that the extra hours of work were caused by a manpower shortage in the department due to the lack of a sufficient number of firemen to comply with the requirements of the " Three Platoon System " under the mandate contained within the provisions of section 487a–11.0 of the Administrative Code of the City of New York; that as a result the city did not use $1,250,000 of the budgetary appropriation for the Fire Department; that the extra work was made necessary by an emergency and was necessary in the adequate protection of life and property of the City of New York.

The complaint is silent as to any express statutory obligation on the part of the city to pay for overtime work. Plaintiffs' salaries are fixed in the city budget, subject to the limitation imposed by section 487a–8.0 of the Administrative Code, which provides: " § 487a–8.0 *Salary of first grade firemen.*— Firemen of the first grade shall be paid a minimum of three thousand dollars per annum."

Pursuant to the city's general salary-fixing power and the provisions of section 487a–8.0 of the Administrative Code, the salary of all first grade firemen has been fixed at $3,000 per annum for many years, exclusive of a cost-of-living bonus of $420, which has been added to such salaries since May 1, 1944.

The fixation of the plaintiffs' salaries at $3,000 per annum bars them from receiving any additional compensation from the city for any services performed by them (*Matter of Goldstein* v. *Berry,* 232 App. Div. 583; *Matter of Hagan* v. *Moses,* 173 Misc. 327).

Plaintiffs contend that firemen are employees of defendant with certain definite contract rights, which guarantee a minimum salary of $3,000 per annum for services rendered on a basis of eight hours a day and six days a week; that services rendered in excess of eight hours a day require payment by defendant, unless acquiesced in or waived by plaintiffs. They claim that defendant is prohibited from permitting or requiring them to work more than eight hours per day because of the requirements of section 487a–11.0 of the Administrative Code of the City of New York, which provides for the "Three Platoon System" and states in part: "None of such platoons, or any member thereof, shall be assigned to more than one tour of duty in any twenty-four consecutive hours and no tour of duty shall exceed eight consecutive hours."

This section, however, contains the following specific exceptions: "except, in the event of conflagrations, riots or other similar emergencies or for the necessary time consumed in changing tours of duty, in which events such platoons or members thereof shall be continued on duty for such hours as may be necessary."

The "overtime" referred to in the complaint consisted of additional tours of duty required of firemen over and above the normal requirements of the three-platoon system and was performed pursuant to an order of the Fire Commissioner. Certain members of the department challenged the validity of the commissioner's order, which was upheld in *Matter of Kane* v. *Walsh* (181 Misc. 513, 181 Misc. 594, affd. 268 App. Div. 763, affd. 293 N. Y. 923).

I find no authority to support the plaintiffs' claim that when, in an emergency, they are compelled to work overtime they are entitled to be paid for such extra work. The very nature of their duties requires them to be in readiness to meet emergencies, and I can see no distinction between an emergency created by an unusually large and widespread con-

flagration and one created by the potentially dangerous condition existing in this city from January 1, 1944, to April 29, 1944, because of the war. Whatever adjustments, if any, are made in respect to giving firemen additional time off because of extra service, is a matter of departmental policy.

Plaintiffs' claim that they are entitled to recover on an implied contract or on the theory of unjust enrichment cannot be upheld. The facts in *Matter of Goldstein* v. *Berry* (232 App. Div. 583, *supra*) presented a much stronger case than the one at bar. There the petitioner was an official stenographer of the City Magistrates' Courts. He sued to recover additional compensation for the performance of additional duties imposed by a statute enacted after the petitioner's appointment. The Appellate Division, First Department, reversed an order in petitioner's favor, entered at Special Term, and held that the petitioner's compensation was limited to his salary as prescribed by the budget, saying, per O'MALLEY, J. (at pp. 584–585): " We are of opinion that payment of the voucher presented was properly refused. The statute was amended and the additional duties imposed at a time when the petitioner respondent was enjoying fixed compensation for discharging the duties of his office. It is well settled that a public officer upon whom additional statutory burdens are imposed may not receive in addition to his salary extra compensation for the performance of such new duties."

Plaintiffs, in the absence of an express statutory provision requiring defendant to pay them for overtime, are restricted to the compensation fixed for them in the budget. " The public officer seeking payment from the public treasury must put his finger on some statute whereby payment is permitted  *  *  *." (*Stetler* v. *McFarlane*, 230 N. Y. 400, 408.) To hold otherwise would be violative and disruptive of the budgetary scheme on which the city operates.

Motion to dismiss complaint is granted. Settle order.