**SORENSEN et al. v. CITY OF NEW YORK and four other cases.**

Nos. 72–76; Docket 22466–22470.

United States Court of Appeals Second Circuit.

Argued Dec. 1, 1952.

Decided March 20, 1953.

William L. Standard, New York City, proctor for appellants, Louis R. Harolds, New York City, advocate.

Denis M. Hurley, New York City, proctor for appellee; Edwin M. Bourke, New York City, Advocate; Seymour B. Quel, New York City, on the brief.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

SWAN, Chief Judge.

In the above entitled libel[1] and four companion libels with which it was consolidated, forty-three seamen brought suit under 46 U.S.C.A. §§ 596 and 597 for overtime wages and penalties. Since all the claims involved substantially the same subject matter and questions of law, it was stipulated that the claim of Sorensen should be tried as a test case. After a trial of Sorensen's claim a decree was entered dismissing the libels. The libellants have appealed. The question presented is whether a seaman on the city's sludge boats, who worked on certain days, pursuant to the captain's order and in the absence of any emergency, more than the eight hours constituting his normal day's work, is entitled to overtime pay.

The facts established at the trial are fully stated in Judge Weinfeld's opinion reported in 99 F.Supp. 411. A brief statement will suffice here. Sorensen was employed as an engineer on city sludge boats, which are licensed as coastwise vessels. His wages on the basis of an eight hour day were fixed by the City Budget and were payable semi-monthly. For part of his overtime services he was compensated by receiving time off with pay, but for the balance of overtime he has received neither time off nor pay, although he was assured by the Superintendent of the Department of Public Works in charge of sludge boat operations that he would be compensated either in cash or equivalent time off. No city employee had authority to promise compensation for overtime and Sorensen had knowledge of this fact. Relying on his status as a seaman, he filed his libel in admiralty and contends here, as he did below, that despite the state law he can recover on an implied contract on the part of the city to pay him overtime wages. Certain preliminary questions of law were decided by Judge Ryan in one of the companion cases.[2] Judge Weinfeld decided against Sorensen on two grounds, (1) that he had no express or implied contract which required the city to pay overtime compensation; and (2) that his signing of the payroll receipts without protest constituted an accord and satisfaction. As we think the first ground adequate to dispose of the appeal we shall say nothing as to the second.[3]

It seems clear in New York that shore-side municipal employees cannot be paid overtime compensation unless the contract to pay it is made by a municipal agent authorized by local law to make the contract.[4] But appellants nevertheless contend that local limitations on the contracting power of cities are inapplicable to contracts with seamen. The argument as we understand it runs substantially as follows: A seaman's contract to work aboard a vessel is concededly a maritime contract and is governed by federal law; the maritime law must be uniform throughout the United States; a seaman not employed by a municipality who works overtime pursuant to his captain's orders with the expectation of receiving compensation in excess of his wages for regular hours can recover overtime compensation from his employer;[5] to hold that a seaman employed by a municipality may not recover under similar circumstances defeats the uniformity of maritime law with respect to seamen's contracts. Judge Weinfeld did not find the argument persuasive; nor do we. No federal statute has been brought to our attention either by briefs of counsel or by our own research which provides for the payment of wages

1. The libellants in the Sorensen suit are not the only appellants. It was stipulated that Sorensen's claim should be tried as a test case and the decision as to him should be applicable to all libellants, both in his suit and in the four companion cases with which it was consolidated.

2. See Dendrinos v. City of New York, D. C., 86 F.Supp. 688.

3. As to the second ground cf. Garrett v. Moore-McCormack Co., 317 U.S. 239, 246, 63 S.Ct. 246, 87 L.Ed. 239.

4. Crane v. City of New York, 185 Misc. 456, 57 N.Y.S.2d 251, affirmed 270 App. Div. 930, 62 N.Y.S.2d 617, affirmed 296 N.Y. 717, 70 N.E.2d 538; Seif v. City of Long Beach, 286 N.Y. 382, 387, 36 N. E.2d 630.

5. The Lakme, D.C.Wash., 93 F. 230; Bender v. Waterman S. S. Corp., D.C. Pa., 69 F.Supp. 15, 1946 A.M.C. 1322.

for overtime service of seamen.[6] Section 673, 46 U.S.C.A., relates to hours of work and watches, but says nothing as to payment for overtime. Nor does section 596.[7] That section requires payment of the seaman's "wages within two days after the termination of the agreement under which he was shipped," thus implying that his wages depend upon an agreement between the seaman and the shipowner.. To make a valid agreement with the city, the local law of agency must be followed; to hold that this applies to seamen's contracts violates no essential policy or feature of the maritime law, since regardless of where the contract is made the rule that it must be a valid contract according to the local law will be uniform. We think that the policy behind local restrictions which forbid committing a municipality to a contract by unauthorized acts of its employees should be upheld in admiralty as well as in other civil suits;[8] for otherwise commitments may lead to financial embarrassment or even to fraud and imposition upon the municipality.[9]

Appellants make much of the rule stated in Southern Pacific Co. v. Jensen, 244 U.S. 205, 216, 37 S.Ct. 524, 529, 61 L.Ed. 1086, and followed in many of the older cases,[10] that local legislation is *pro tanto* invalid if it "works material prejudice to the characteristic features of the general maritime law, or interferes with the proper harmony and uniformity of that law". However the soundness of the Jensen rule and its progeny has been questioned in numerous cases.[11] It appears that it certainly will not be

6. Seamen are specifically excluded from the wage and hour provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 213 (a) (14). See Weaver v. Pittsburgh S. S. Co., 6 Cir., 153 F.2d 597, certiorari den. sub nom. Rymarkiewicz v. Pittsburgh S. S. Co., 328 U.S. 858, 66 S.Ct. 1351, 90 L.Ed. 1630. Cf. Levesque v. F. H. McGraw & Co., 2 Cir., 165 F.2d 585.

7. Appellants have cited Glandzis v. Callinicos, 2 Cir., 140 F.2d 111, and Lakos v. Saliaris, 4 Cir., 116 F.2d 440, as holding "that 46 U.S.Code Sections 596–597 apply to seamen's actions for overtime wages earned." This is incorrect. In the Glandzis case the basic issue was whether a special war time bonus agreed to be paid to Greek seamen became an element of wages earned, half of which section 597 requires to be paid when a vessel reaches an American port. 46 U.S. C.A. § 597. The court held that the bonus must be so included. The issue was similar in the Lakos case. No question of overtime was involved in either case.

8. Where the problem is one primarily of a local nature, local policy has often been enforced where it has been found that no impairment of the essential features of maritime law would result. See, e. g., Just v. Chambers, 312 U.S. 383, 668, 61 S.Ct. 687, 85 L.Ed. 903; Millers' Underderwriters v. Braud, 270 U.S. 59, 64, 46 S.Ct. 194; State Industrial Comm. v. Nordenholt Corp., 259 U.S. 263, 42 S.Ct. 473, 66 L.Ed. 933; Ex parte State of New York, No. 1, 256 U.S. 490, 41 S.Ct. 588, 65 L.Ed. 1057.

9. Cf., Crane v. City of New York, 185 Misc. 456, 57 N.Y.S.2d 251, 253, affirmed 270 App.Div. 930, 62 N.Y.S.2d 617, affirmed 296 N.Y. 717, 70 N.E.2d 538; Hagan v. Moses, 173 Misc. 327, 17 N.Y.S.2d 438, 439; Goldstein v. Berry, 232 App. Div. 583, 251 N.Y. 47, 49. See also Thompson v. Hofstatter, 265 N.Y. 54, 65, 191 N.E. 772.

10. In conformity with the Jensen principle it was held in Union Fish Co. v. Erickson, 248 U.S. 308, 39 S.Ct. 112, 63 L.Ed. 261, that despite the California statute of frauds requiring a writing for contracts not to be performed within a year, an oral contract made in California under which the libellant was employed to go to Alaska and there serve for a year as master of the Fish Company's vessel, was enforceable in admiralty.

Following this approach, thirty years ago our own court decided in Rodgers & Hagerty, Inc. v. City of New York, 2 Cir., 285 F. 362, certiorari denied 261 U.S. 621, 43 S.Ct. 432, 67 L.Ed. 831, that a maritime contract with the city for unloading a sunken scow can be enforced in a court of admiralty without regard to provisions of the city charter limiting its liability on such contracts.

Judge Woolsey made a similar ruling in Moran Towing & Transp. Co. v. City of New York, D.C.S.D.N.Y., 36 F.2d 417. See also Frame v. City of New York, D. C.S.D.N.Y., 34 F.Supp. 194, where many cases involving tort liability as well as contract liability are collected.

11. Following are a few of the cases which have either distinguished or criticized the Jensen rule: Davis v. Department of La

860

extended.[12] The latest authoritative consideration of the Jensen case by the Supreme Court, in the language of Mr. Justice Black, makes this abundantly clear: "Indeed, the Jensen case has already been severely limited, and has no vitality beyond that which may continue as to state workmen's compensation laws." Standard Dredging Corp. v. Murphy, 319 U.S. 306, at page 309, 63 S.Ct. 1067, at page 1068, 87 L.Ed. 1416. In that case a unanimous court held that a state tax imposed on employers of maritime workers was valid. The Jensen rule was sought to be used as a defense; the court's disposal of the issue indicates that the above quoted statement was more than mere dicta.

■ In at least two cases, this circuit has accepted Justice Black's language as "authoritative": Jarka Corporation v. Hellenic Lines, 2 Cir., 182 F.2d 916, 919, and Guerrini v. United States, 2 Cir., 167 F.2d 352, 355, certiorari denied 335 U.S. 843, 69 S.Ct. 65, 93 L.Ed. 393. The Jarka case has relevance; there one party made an offer to unload the other's ships at a certain rate. This offer to contract lacked consideration and would not have been enforceable in admiralty. However, the contract was made in New York, and the N. Y. Personal Property Law, McK.Consol.Laws, c. 41, section 33, subd. 5, provides that firm offers shall not be revocable during the time so specified, even though there be no consideration for the offer. The defense was that New York law was inapplicable as its application would impair the

maritime uniformity required by the Jensen rule. This court refused to extend the Jensen rule and, in applying the New York statute, said, "We think that even in its greatest ascendancy the Jensen rule would not have prevented application of such a state statute as this, which regulates a matter in which uniformity is not necessary and which is not 'in conflict with any essential feature of the general maritime law.' Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 125, 44 S.Ct. 274, 277, 68 L.Ed. 582." 182 F.2d 916, at page 919.[13] We agree that enforcement of the local law under the facts of the case at bar will not prove disruptive of the uniformity of the general maritime law.

■ Appellants further rely on certain New York holdings alleged to sustain the contention that municipalities may be held liable for benefits received in the form of extra services or materials, even in the absence of an authorized contract to pay for them. We do not think the cases in point. It is true that McNulty v. City of New York, 168 N.Y. 117, 61 N.E. 111, upheld a recovery by city employees of overtime compensation promised by a Board of Commissioners. However, the decision in that case, decided in 1901, turned on a defect in the pleadings, and not on the merits. The defendant city had neglected to plead a charter provision limiting its liability to the amount of the appropriations or to plead that funds were exhausted; and this was the essential factor in the case. Under the rules of practice at that time such new mat-

bor, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246; Parker v. Motor Boat Sales, 314 U. S. 244, 62 S.Ct. 221, 86 L.Ed. 184; Red Cross Line v. Atlantic Fruit Co., 264 U. S. 109, 124, 44 S.Ct. 274, 68 L.Ed. 582; State Industrial Comm. v. Nordenholt Co., 259 U.S. 263, 276, 42 S.Ct. 473, 66 L.Ed. 933; Grant Smith-Porter Co. v. Rohde, 257 U.S. 469, 477, 42 S.Ct. 157, 66 L.Ed. 321; Western Fuel Co. v. Garcia, 257 U.S. 233, 242, 42 S.Ct. 89, 66 L.Ed. 210; Ex parte State of New York, No. 1, 256 U.S. 490, 502, 41 S.Ct. 588, 65 L.Ed. 1057; Cushing v. Maryland Cas. Co., 5 Cir., 198 F.2d 536, 538; Travelers Ins. Co. v. McManigal, 4 Cir., 139 F.2d 949, 951; Great Lakes Dredge and Dock Co. v. Charlet, 5 Cir.,

134 F.2d 213, 214, affirmed 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407.

12. For a discussion of Congressional attempts to vitiate the Jensen rule, see Davis v. Department of Labor, 317 U.S. 249, 252–253, 63 S.Ct. 225, 87 L.Ed. 246. See also, Morrison, Workmen's Compensation And The Maritime Law, 38 Yale L.J. 472 (1929).

13. Judge Learned Hand in Guerrini v. United States, 2 Cir., 167 F.2d 352, 355, likewise accepted the language of the Standard Dredging case, quoted supra, as "authoritative," and said that "The Supreme Court had for long obviously continued to recognize it [Jensen rule] at all only with mounting reluctance".

ter had to be affirmatively pleaded which the defendant city neglected to do. The court said, 168 N.Y. at page 124, 61 N.E at page 112, "As to whether the provision of the charter referred to constitutes a defense, we do not now determine." On the few occasions this case has been cited by the New York courts, it has been for the pleading point alone. In Seif v. City of Long Beach, 286 N.Y. 382 at page 387, 36 N.E.2d 630, at page 637, Chief Judge Lehman remarked:

"Mere acceptance of benefits by the city under a contract made without authority does not estop a municipal corporation from challenging the validity of the contract and from denying liability for materials furnished or services rendered under a contract not made or ratified by a board or officer acting under authority conferred by law and in the manner prescribed by law."

We regard this as an authoritative statement of the New York law which, in the light of limitation of the Jensen rule, is applicable to seamen as well as shoreside workers employed by the city of New York.

Judgment affirmed.