PER KR. TONDER and KURT VANGELDER, Plaintiffs

v.

M/V THE "BURKHOLDER" and COLLEGE OF THE
VIRGIN ISLANDS, DR. ARTHUR RICHARDS,
President, RALPH M. PAIEWONSKY,
Chairman, Board of Trustees, Defendants

Civil No. 1985/145

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 21, 1986

231

DAVID IVERSON, ESQ., St. Thomas, V.I., *for plaintiffs*

SAMUEL H. HALL, JR., ESQ., St. Thomas, V.I., *for defendants*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

The main issue in this motion to dismiss is whether an individual may bring an action for salvage against the College of the Virgin Islands in the District Court of the Virgin Islands. Since we find they may, we will deny the College's motion to dismiss. We will grant the motion to dismiss the in personam action against defendants Richards and Paiewonsky.

## I. FACTS

During Tropical storm Klaus which struck the Virgin Islands on November 7 and 8, 1984, a boat owned by the College of the Virgin Islands ("CVI") was torn from its mooring. On November 7, 1984,

the plaintiffs, Per Kr. Tonder and Kurt Vangelder, noticed that this boat, the Burkholder, was adrift and in danger of being dashed onto the rocks in Brewer's Bay, St. Thomas. The plaintiffs boarded the Burkholder, physically moved the boat out of danger, and set new anchors. Throughout the next day the plaintiffs continued to reboard the Burkholder and successfully prevented it from running aground or colliding with any of the ships in the immediate vicinity.

On April 23, 1985, the plaintiffs filed this action against CVI, its President Dr. Arthur Richards ("Richards") and the Chairman of the Board of Trustees Ralph M. Paiewonsky ("Paiewonsky"). The plaintiffs seek a salvage lien in their behalf in the amount of 50% of the value of the Burkholder. The value of the Burkholder is estimated at $27,000.

The defendants filed a motion to dismiss the in rem action against the boat arguing the Burkholder is exempt from a judicial lien based on 17 V.I.C. § 459 (1963). Additionally, Richards and Paiewonsky seek dismissal of the in personam action directed against them because they have no personal interest in the Burkholder.

The plaintiffs oppose this motion asserting that this Court's admiralty jurisdiction supersedes local law and therefore they have a valid salvage lien against the Burkholder. Additionally, the plaintiffs assert that Richards and Paiewonsky could arguably have an economic interest in the Burkholder and therefore an in personam action could lie against them. We disagree and will dismiss this action as to Richards and Paiewonsky. We will, however, deny the motion to dismiss as to CVI.

## II. DISCUSSION

This case presents a unique combination of issues involving questions of constitutional law, federalism, and admiralty law as applied to the Virgin Islands. A number of these issues are of first impression in this jurisdiction.

The analysis of this case involves the following three questions: does the Eleventh Amendment apply to the Virgin Islands; does admiralty jurisdiction supersede local law, and do Richards and Paiewonsky need a pecuniary interest in the Burkholder to be sued in personam?

233

## A) *Eleventh Amendment Does Not Apply in the Virgin Islands*

■ Although we are mindful that Courts should avoid determining constitutional issues if there is an alternative means for deciding a case, the facts in the present action are identical to a Third Circuit decision which held that an unconsenting state is immune from suits brought by individuals under the admiralty jurisdiction of the federal courts. Red Star Tow & Transp. Co. v. Department of Transp. of N.J., 423 F.2d 104, 105 (3d Cir. 1970). This proposition is based on the Eleventh Amendment which provides:

> Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI; Red Star, 423 F.2d at 105 n.1. Since this case is directly on point, we feel forced to decide whether the Eleventh Amendment prevents suits against CVI. If it does, then Red Star would bar the present suit since the College of the Virgin Islands has not consented to suits or liens against its property. 17 V.I.C. § 459 (1963).[1]

■ In general territories are subject to the ultimate control of Congress. United States v. Wheeler, 435 U.S. 313, 319 (1978) (see also cases cited at footnote 11). In the Revised Organic Act Congress made most of the provisions of the United States Constitution applicable to the Virgin Islands. 48 U.S.C. § 1561 (1958). Since Congress excluded the Eleventh Amendment from § 1561, it appears that Congress did not intend that the Eleventh Amendment apply to the Virgin Islands.

■ We note that Congress most likely excluded the Eleventh Amendment from § 1561 because this amendment concerns a principle of federalism which is inapplicable to a territory. Specifically, the Eleventh Amendment was passed as a jurisdictional bar to suits brought against state governments in the federal courts. See J. Nowak, R. Rotunda & J. Young, Constitutional Law (1978). The inherent prejudice against a state, thought to arise from

---

[1] 17 V.I.C. § 459 states in part:

(a) All property of the College, including funds, shall be exempt from judicial process of every kind, including, without limitation, attachment, levy, execution and sale by virtue of an execution, and no judgment shall be a lien or charge upon its property or funds; . . . .

it being sued in federal court, cannot exist here because the Virgin Islands as a legal entity is a creature of the federal government. Unlike States, which are constitutionally protected independent sovereignties, we are beholden to Congress which has ultimate control over us. Wheeler, 435 U.S. at 319 n.11. The underlying rationale for the Eleventh Amendment, therefore, does not fit the situation where an individual is suing the Virgin Islands in the District Court of the Virgin Islands.[2]

■ Since the Eleventh Amendment does not apply in the Virgin Islands, there is no jurisdictional bar preventing this suit against CVI from proceeding in federal court.[3]

B) *Admiralty Jurisdiction Supersedes Local Law*

■ In their complaint the plaintiffs allege a colorable claim for a salvage lien. In general, maritime law extends to the successful salvor of marine property a lien upon the property saved. See generally 3A Benedict on Admiralty, § 137-149 (7th ed. 1983). Since any lien arising from maritime law would be in direct conflict with § 459, we must decide whether admiralty law supersedes a local statute.

1) *Need for Uniformity*

In Workman v. New York, 179 U.S. 552, 557–60 (1900), the Supreme Court held that the city of New York was liable in tort under maritime law when its fireboat negligently collided with another ship. In the opinion the Court made a number of points relevant to our case. The Supreme Court stated:

---

[2] Since we hold that the Eleventh Amendment does not apply to the Virgin Islands, we can distinguish those cases which stand for the proposition that a state's immunity from suit in federal court provided by the ¡Eleventh Amendment extends to maritime claims. For example see In re State of New York, 256 U.S. 490 (1921).

[3] Even assuming the Eleventh Amendment did apply in the Virgin Islands, it is not entirely clear whether the Eleventh Amendment would extend to colleges such as CVI. For example see Soni v. Board of Trustees of University of Tennessee, 513 F.2d 347, 353 (6th Cir. 1975), cert. denied, 426 U.S. 919 (1976). But see Ronwin v. Shapiro, 657 F.2d 1071, 1073 (9th Cir. 1981); Korgich v. Regents of New Mexico Sch. of Mines, 582 F.2d 549, 551 (10th Cir. 1978); Ewing v. Board of Regents of University of Michigan, 552 F. Supp. 881 (E.D. Mich. 1982).

> One thing, however, is unquestionable; the Constitution must have referred to a system of law co-extensive with, and operating uniformly in, the whole country. It certainly could not have been the intention to place the rules and limits of maritime law under the disposal and regulation of the several states, as that would have defeated the uniformity and consistency at which the Constitution aimed on all subjects of a commercial character affecting the intercourse of the states with each other or with foreign states.

Workman, 179 U.S. at 561–62 citing The Lottawanna, 88 U.S. (21 Wall.) 558 (1874). See also Just v. Chambers, 312 U.S. 383, 389 (1941).

■ States may make limited changes and modifications in admiralty law but they may not work material prejudice to the characteristic features of the general maritime law, nor interfere with the proper harmony and uniformity of that law. Frame v. City of New York, 34 F. Supp. 195, 196 (S.D.N.Y. 1940). See also Sorenson v. City of N.Y., 99 F. Supp. 411 (S.D.N.Y. 1951), aff'd, 202 F.2d 857 (2d Cir. 1953), cert. denied, 347 U.S. 951 (1954).

A number of recent cases have reaffirmed the importance of uniformity in admiralty law. Woessner v. Johns-Manville Sales Corp., 757 F.2d 634, 648 (5th Cir. 1985) citing Foremost Ins. Co. v. Richardson, 457 U.S. 668, 677 (1982). Based on the need for uniformity for all admiralty law, we hold that CVI's property is not immune from salvage liens.[4]

2) *Public Policy*

■ In addition to the need for uniformity in admiralty law, public policy also favors our result. It has long been held that salvors should be encouraged to aid another vessel in distress. United States v. Raven, 500 F.2d 728, 733 (5th Cir. 1974), cert. denied, 419 U.S. 1124 (1975) (see cases cited at 733 n.12). See also Kimes v. United States, 207 F.2d 60, 63 (2d Cir. 1953); Berry v. Boat Giannina B., Inc., 460 F. Supp. 145, 149 (D. Mass. 1978). We therefore find that public policy dictates that the plaintiffs be able to assert a claim against the Burkholder.

---

[4] In so holding we do not reach the issue of whether or not the plaintiffs have satisfied the requisite elements needed to establish a salvage claim. See generally 3A Benedict on Admiralty, § 63-97 (7th ed. 1983).

C) *Named Defendants Must Have a Pecuniary Interest in the Burkholder To Be Sued In Personam*

■ In addition to the in rem action against The Burkholder, the plaintiffs also seek recovery in personam against Richards and Paiewonsky. Supplemental Rule C(1)(b) for Admiralty and Maritime claims states that a party who may proceed in rem may also, or in the alternative, proceed in personam against any person who may be liable. One commentator has noted that Supplemental Rule C makes it clear that a libel in personam will lie against the owner of the salvaged property. 3A Benedict on Admiralty (7th ed. 1984) (see cases cited at footnote 7). An action in personam, however, cannot lie against Richards and Paiewonsky.

■■ Richards and Paiewonsky, as trustees to CVI, have a fiduciary responsibility to exercise general management and control of the affairs of the College. 17 V.I.C. § 456(a) (1962). Trustees, however, are expressly forbidden from acquiring any interest in any property included or planned to be included in the College's projects. 17 V.I.C. § 469 (1963). Should a trustee have any interest in college property, they must disclose this interest and such a disclosure is entered on the minutes of the Board of Trustees meeting. Since the plaintiffs have presented no evidence that Richards or Paiewonsky had any interest in The Burkholder, we will dismiss the in personam portion of the action that is directed toward them.

### III. CONCLUSION

In summary we hold that the Eleventh Amendment does not apply in the Virgin Islands, that admiralty law supersedes local law, and that an in personam action cannot lie against Richards and Paiewonsky. We therefore deny the motion to dismiss with respect to CVI and grant the motion to dismiss as to Richards and Paiewonsky.

### ORDER

THIS MATTER came before the Court on motion of the defendants seeking to dismiss this case. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

237

ORDERED:

THAT the defendant's motion to dismiss the plaintiffs' in rem action against The Burkholder be, and the same, is hereby DENIED, and further

THAT the defendants' motion to dismiss the plaintiffs' in personam action against Richards and Paiewonsky be, and the same, is hereby GRANTED, and as to them, the complaint is DISMISSED with prejudice.