CHARLES H. HASWELL, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

No compensation is recoverable from a municipal corporation, by one of its officers, for the performance of a public service or of official duties, unless it is given by law.

On May 24, 1871, the board of health of the city of New York passed a resolution that on and after June first " the ·office of engineer of this board be honorary, and that no salary be attached to that office or paid to that officer after that date." This resolution was communicated to plaintiff, who then held the office, and who had been in receipt of an annual salary ; he wrote in reply acknowledging receipt of the communication, expressing gratification at being retained " as honorary engineer," and stating it would afford him pleasure to discharge the duties of engineer whenever intrusted with them. *Held,* that an action to recover for services rendered after June 1, 1871, was not maintainable; that the language employed in the resolution expressed a design that all pay should cease at that time, and taken in connection with the letter showed the understanding to be that any service rendered thereafter by plaintiff was to be gratuitous.

Also *held*, that the fact that the board audited a claim for services rendered subsequent to June first did not authorize a recovery for the amount of the audit; that it was without authority, as the resolution, so long as it remained in force, was binding ; and that the audit did not operate as a rescission of the resolution or create any new liability.

(Argued April 22, 1880 ; decided June 1, 1880.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, in favor of the defendant, entered upon an order denying a motion for a new trial, and directing judgment on a nonsuit.

This action was brought for services alleged to have been rendered by plaintiff, as engineer for and at the request of the commissioners of the health department of the city of New York.

Prior to the 1st day of June, 1871, the plaintiff had been engineer to the board of health, at a salary of $4,000 a year. On the 24th of May, 1871, the board adopted a resolution as follows:

"*Resolved,* That on and after June 1st, 1871, the office of

engineer to this board be honorary, and that no salary be attached to that office or paid to that officer after that date."

This resolution was communicated to the plaintiff, who replied thereto as follows:

"*May* 30, 1871.

SIR — The communication of the board of health of the 24th, regarding the discontinuation of my salary, is this day received. I am gratified and complimented by the board retaining me as honorary engineer, and in testimony of my appreciation of the honor submit that it will afford me great pleasure to discharge the duties of engineer whenever the board shall see fit to intrust them to me.

I have the honor to be yours, etc.,

CHAS. H. HASWELL."

This resolution was directed to Mr. Clark, the secretary of the board.

Subsequently, at the request of the board, the plaintiff rendered services as engineer, in the years 1871, 1872 and 1873, for which he rendered bills to the board. The board never acted upon the bills of 1871 and 1873, but by resolution, passed May 17, 1873, approved the bill of 1872 for $1,600, and directed its payment. The court directed a verdict for defendant. Exceptions were ordered to be heard at first instance at General Term.

*Elliot Sandford* for appellant. The evidence presented by the resolution and the letter of the plaintiff did not constitute a contract by which the plaintiff bound himself to render services without compensation. (*White* v. *Corlies*, 46 N. Y. 467; *Fellows* v. *Prentiss*, 3 Denio, 520–522; *Brown* v. *Central R. R. Co.*, 44 N. Y. 79, 86; *Smith* v. *Shoemaker*, 17 Wall. 630; *Chicago Ry. Co.* v. *Dane*, 43 N. Y. 240; *Hough* v. *Brown*, 19 id. 111; *Trenor* v. *Wood*, 36 id. 309; *Muller* v. *The Mayor, etc.*, 63 id. 353–360.) The board of health had no power to confer an honorary degree on any person. (§ 32, chapter 137, Laws of 1870; *Woolsey* v. *Rondout*, 4 Abb. Ct.

App. 639, 644.) The silence of the board under the circumstances amounted to acquiescence and created a liability, especially so as plaintiff's second bill was audited and allowed in full. (*Barlow* v. *Scott*, 24 N. Y. 40, 42, 43; *Potter* v. *Ontario Co.*, 5 Hill, 147, 149; *Hoffman* v. *Ætna Co.*, 32 N. Y. 511; *Academy* v. *Allen*, 14 Mass. 176; *De Wolf* v. *Chicago*, 26 Ill. 443; *Mayer* v. *Isaac*, 6 M. & W. 612; Wood's Master and Servant, § 63, and note.) If a contract was made as claimed, on May 30, it was suspended or rescinded and a new contract made. (*Bickett* v. *Taylor*, 55 How. 126, 131; *Justice* v. *Lang*, 52 N. Y. 323, 328; *Railroad Co.* v. *Stout*, 17 Wall. 623, 664.) The motion to direct a verdict for the full amount should have been granted. (*Banker* v. *The Mayor*, 8 Hun, 409; *Bowery Bk.* v. *The Mayor*, 63 N. Y. 336.) The refusal of the court to submit to the jury whether or not the plaintiff agreed to perform the services charged for by him without compensation was error. (*Pendleton* v. *Empire Co.*, 19 N. Y. 13; *White* v. *Carrol*, 42 id. 161; *Darnell* v. *Morehouse*, 45 id. 64; *Harmon* v. *Hoboken Co.*, 50 id. 53; *Justice* v. *Lang*, 52 id. 323; *Jackson* v. *Van Slyke*, id. 645; *Muller* v. *The Mayor*, etc., 63 id. 353, and cases cited, p. 360; *Cummins* v. *Ins. Co.*, 67 id. 260; *East Hampton* v. *Kirk*, 68 id. 465; *White* v. *Hoyt*, 73 id. 505; *Springfield Bank* v. *Dana*, Miller, J., not reported; *Koehler* v. *Adler*, Church, Ch. J., not reported.)

*D. J. Dean* for respondent. No compensation for public service is recoverable of right unless it is expressly given by law, ordinance or by contract. (Dillon on Mun. Corp., § 169; *Sikes* v. *Hatfield*, 13 Gray, 347.) The approval and certificate of the board of health of the plaintiff's bill for $1,600 is not sufficient to authorize a recovery. (*Heslip* v. *Sacramento*, 28 Cal. 580; *Hatch* v. *Mann*, 15 Wend. 44; *Palmer* v. *Mayor*, 2 Sandf. 318; *U. S.* v. *Fillebrown*, 7 Peters, 28; *Cowan* v. *The Mayor*, 6 T. & C. 151; *Board of Supervisors* v. *Ellis*, 59 N. Y. 620; *People* v. *Lawrence*, 6 Hill, 244; *Chemung Canal Bank* v. *Supervisors of Chemung*, 5 Denio, 517.)

MILLER, J. The resolution of the board of health, which declared that the office then filled by the plaintiff should be honorary, and that no salary should be attached thereto, or paid thereafter, was evidently designed to abolish the salary and all compensation for services which should be rendered at any future time. No salary or pay whatever was to be attached to the same, and the word "honorary" evidently means without profit, fee or reward, and in consideration of the honor conferred by holding a position of responsibility and trust. If a recompense was to be received or a payment made, either by salary or otherwise, the office would not be honorary alone, but one of emolument also. The language employed expresses very clearly a design that all pay should cease; and if it was intended merely to change the amount or manner of payment, different phraseology should have been employed. Standing alone, the resolution is very explicit that no salary or money was to be paid for the services of the plaintiff.

Nor is the effect of the resolution modified or changed by the letter of the plaintiff, in which he expresses his appreciation of the honor conferred, and of the pleasure which it will afford him to discharge the duties of engineer. He thus assents to the terms of the resolution. If the resolution and letter be taken in connection, they show, beyond question, that any service rendered by the plaintiff was to be gratuitous, and only to be remunerated by the distinction which was conferred upon the incumbent, and that it was so understood at the time. After the board had expressly declared that it would pay no salary, there is no ground for claiming that it meant to pay in another form. No compensation is recoverable for the performance of a public service, or of official duties, unless it is given by law, and there is no implied obligation on the part of a municipal corporation, and no such relation between such a body and its officers, as compels the former to make remuneration unless the law permits it to be done. (Dillon on Mun. Corp., § 169; *Sikes* v. *Inhabitants of Hatfield*, 13 Gray, 347.) Hence it follows that there can be no right to compensation when it has been expressly declared and assented to that ser-

vices rendered shall be honorary. In this view of the case presented, no valid ground is shown for a recovery in this action, and it remains only to consider some suggestions urged in support of the plaintiff's demand.

There is no merit in the position that the letter was unofficial and not addressed to the board, as it was evidently intended as a response to the resolution and addressed to the secretary of the board. But however this may be, it is evident that the plaintiff acted with full knowledge of the resolution, and that by its terms his position was an honorary one, and the duties to be performed without compensation.

The audit and allowance of compensation by the board for services for which charges were made, in 1872, to the amount of $1,600, was not sufficient to authorize a recovery. These services were rendered after the passing of the resolution, while it remained in force, and in defiance of the same, and therefore the plaintiff had no valid claim for any such demand. The certificate of the correctness of the bill was a mere gratuity, without authority, and did not constitute the legal auditing of a *bona fide* debt against the board of health or the city. It was beyond the power of the board to audit any such claim. It had already fixed the conditions of plaintiff's employment by the resolution referred to, and it could not change the terms, except by an express repeal of the resolution. So long as it remained in force, it was binding. An officer whose compensation is fixed cannot rightfully claim any thing beyond that. (*Palmer* v. *The Mayor*, 2 Sandf. 318 ; *Phœnix* v. *Supervisors of N. Y.*, 1 Hill, 362 ; *Hatch* v. *Mann*, 15 Wend. 44.) Any audit or allowance of any claims for which the county was not liable would be null and void for want of jurisdiction. (*People* v. *Lawrence*, 6 Hill, 244.) After the board had declared that there should be no salary paid, and that the office should be honorary, it had no lawful right to audit a bill for services subsequently performed. The rule applicable to a practical construction of a contract has no relevancy where there is a positive agreement, as was the case here. Certainly it cannot be invoked to change the effect of a resolution adopted by a

public body in reference to the compensation of persons engaged in its service.

' Nor does the question arise whether the services having been rendered, the defendant is liable, because the plaintiff was not directly discharged from their performance. This rule has no application to corporations or public bodies, whose powers are limited by statute, and where the case is to be determined upon the construction to be placed upon a resolution of such body.

The claim that there was a rescission or suspension of the contract, and a new one made, is also unfounded. The allowance for services rendered after the resolution had been passed, and without its repeal, did not operate as a rescission or create any new liability.

There was no error in the introduction of a copy of the letter of the plaintiff in evidence, or in any of the rulings of the judge upon the trial, and the judgment should be affirmed.

All concur.

Judgment affirmed.