In the Matter of the Application of LOUIS GOLDSTEIN, Respondent, for a Peremptory Mandamus Order against CHARLES W. BERRY, as Comptroller of the City of New York, Appellant.

First Department, June 24, 1931.

*Nelson Rosenbaum* of counsel [*J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the appellant.

*Reuben Speiser*, for the respondent.

O'MALLEY, J. Herewith is involved the construction of section 221-b of the Code of Criminal Procedure, as amended by chapter 210 of the Laws of 1929. Its provisions, in so far as material to the question presented, are:

" § 221-b. Taking of examination, depositions and statements by official stenographer. * * *

" Where the defendant is charged with a felony and is held to answer, a copy of such stenographic minutes, notwithstanding the provisions of any other law, shall be furnished by such official stenographer to the district attorney of the county. Upon request of the district attorney, such minutes shall also be furnished, notwithstanding the provisions of any other law, in those cases where the defendant is charged with a felony and is not held to answer.".

The precise question presented is whether an official stenographer of the City Magistrates' Court of the city of New York, whose compensation or salary is already fixed by law, is entitled to an additional compensation for the performance of the duties imposed by this statute.

Petitioner respondent Goldstein is one of such official stenographers who receives a salary or compensation of $3,060 a year. On January 28, 1930, he recorded stenographically an examination held before one of the city magistrates where a defendant charged with a felony was held to answer. Later Goldstein furnished to the district attorney of Kings county, without request, a transcript of the proceedings on such examination, and submitted therewith a bill for seven dollars. On May 19, 1930, the district attorney forwarded the bill to the comptroller of the city of New York, and stated in substance in an accompanying letter that although the minutes had not been requested by him, they had been furnished pursuant to the provisions of the statute in question. The letter concluded with this statement: " We are now vouchering it that you may pass on whether or not it is proper to pay these bills under that section."

The comptroller refused payment upon the ground that the petitioner respondent was required under the statute as part of his official duties to furnish a transcript of the minutes and was, therefore, not entitled to receive the extra compensation claimed.

We are of opinion that payment of the voucher presented was properly refused. The statute was amended and the additional duties imposed at a time when the petitioner respondent was enjoying fixed compensation for discharging the duties of his office. It is well settled that a public officer upon whom additional statu-

tory burdens are imposed may not receive in addition to his salary extra compensation for the performance of such new duties. The principle of law applicable and its underlying reasons are stated in Dillon on Municipal Corporations (Vol. 1 [5th ed.], § 426), as follows:

" Extra Compensation.— It is a well-settled rule that a person accepting a public office, with a fixed salary, is bound to perform the duties of the office for the salary. He *cannot legally claim additional compensation* for the discharge of these duties, even though the salary may be a very inadequate remuneration for the services. Nor does it alter the case that by subsequent statutes or ordinances his duties within the scope *of the charter powers* pertaining *to the office* are increased and not his salary. Whenever he considers the compensation inadequate, he is at liberty to resign. The rule is of importance to the public. To allow changes and additions in the duties properly belonging or which may properly be attached to an office to lay the foundation for extra compensation, would introduce intolerable mischief. The rule, too, should be rigidly enforced."

The rule thus enunciated has long been recognized and is firmly established in this State. (*People ex rel. Phœnix* v. *Supervisors of New York*, 1 Hill, 362, 367; *Haswell* v. *Mayor, etc., of City of N. Y.*, 255; *Merzbach* v. *Mayor,etc., of N. Y.*, 163 id. 16; *People* v. *Neff*, 121 App. Div. 44; affd., 191 N. Y. 286; *People ex rel. Noble* v. *Mitchel*, 220 id. 86.)

In *Merzbach* v. *Mayor, etc., of N. Y.* (*supra*) the librarian in the office of the district attorney of New York county asserted the right to recover legal fees for administering oaths and taking acknowledgments as a notary public. Such right was sustained upon the theory that the office of notary public was not incompatible with that of librarian and could be held by one who was a public official under the Consolidation Act which expressly excepted the position of notary public from the prohibition of holding more than one office. The general rule, however, was stated, as follows: " * * * If extra duty, however onerous, had been imposed upon the plaintiff as messenger or librarian, he would not be entitled to additional compensation therefor, because a public officer with a fixed salary is bound to perform the duties of his office for the compensation provided by law. (Const. art. 3, § 28; *Hatch* v. *Mann*, 15 Wend. 45; *People ex rel. Phœnix* v. *Supervisors*, 1 Hill, 362.) If his powers or duties are increased, even by statute, and his salary is untouched, he must submit or resign. (1 Dillon Munic. Corp. [4th ed.] 233; 1 Beach Pub. Corp. § 170.) "

It is also well settled that no compensation for the performance of public service or other official duties is recoverable unless such

compensation is given by law. (*Haswell* v. *Mayor, etc., of City of N. Y.*, 81 N. Y. 255; *Stetler* v. *McFarlane*, 230 id. 400, 408.) In the case last cited, CARDOZO, J., said: " The public officer seeking payment from the public treasury must put his finger on some statute whereby payment is permitted."

On behalf of the petitioner respondent it is urged that a legislative intent not to impose the additional burdens without extra compensation may be inferred from the fact that the bill as originally proposed included therein the words " without charge," and that such words were eliminated upon the urgent request of the petitioner respondent, who appeared at a joint meeting of the codes committees of the Senate and Assembly, on behalf of all the stenographers in the Magistrates' Courts of the city of New York, and protested against the amendment with such provision included.

Even assuming that recourse may be had to the proceedings at such hearing, within the ruling laid down in *Woollcott* v. *Shubert* (217 N. Y. 212), we may not construe the statute to carry out such intent if the construction would violate well-established principles of law. We must construe the statute as finally enacted in the light of the existing law, even though our interpretation may in some degree fail fully to carry out the intent of the enacting body.

The respondent's counsel further urges that if it be assumed that section 221-b does not furnish authority for allowing compensation the petitioner respondent is entitled to be paid for the services under the authority of section 108-a of the Inferior Criminal Courts Act (Laws of 1910, chap. 659), added by chapter 226 of the Laws of 1921, which, being *in pari materia*, must be read in connection with the statute under consideration.

The section last referred to provides in substance that a Magistrates' Court stenographer must, upon request, and with reasonable diligence, furnish to the defendant or to his attorney or the complainant or his attorney, or to a party, or his attorney, in a civil case arising out of the same state of facts, a transcript of the testimony, proceedings and statement of the defendant, if he has made one, or a part thereof, upon the examination, hearing or trial, upon payment by the person requiring the same of the stenographer's fees.

In addition, the section provides: " If any district attorney, the Attorney-General, the judge presiding in the court to which return in any case has been made as provided in section two hundred and twenty-one of the Code of Criminal Procedure, requires such a copy, the stenographer is entitled to his fees therefor, but he must furnish it upon receiving a certificate of the sum to which he is entitled, which shall be a city or State charge and must be paid by

the proper financial officer of the city or State, upon the certificate, like other city or state charges."

We are of opinion that this section furnishes no authority for the order here sought to be sustained. Section 108-a (*supra*) was in effect when section 221-b was enacted, and it is to be observed that the latter section imposes the duty to furnish the stenographic minutes " notwithstanding the provisions of any other law." Such language seems to specifically and directly exclude all the laws relating to stenographer's minutes. It seems to us that the Legislature, apparently unmindful of the well-established rule that a public officer who enjoys a fixed salary may not receive compensation for additional duties imposed, failed to carry out its intent, if such existed, to allow respondent and others similarly situated additional compensation, by failing to specifically provide therefor in some proper statute.

In so holding, we are not unmindful of what appears to be an unnecessary hardship imposed upon the petitioner respondent, and others serving in a like capacity. We see no justification for requiring the furnishing of minutes in every case where a defendant charged with a felony is held to answer. It seems to us that a district attorney should be vested with discretion to order minutes only in such cases as he deems the public interest demands. However, this is a matter solely for the consideration of the Legislature and the remedy, if any, lies with it and not with the courts.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

FINCH, P. J., McAVOY, MARTIN and TOWNLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.