Gilbert H. King, J.
This proceeding is the result of an order to show cause obtained on behalf of Ronald Babchak and Martin Cleary against Mary Lou 'Sabers, City Court stenographer, and Henry Nowak, Comptroller of Erie County. Upon the oral argument the Erie County Bar Association Aid to Indigent Prisoners Society Inc. sought the leave of this court to be heard amicus curies which request was granted.
The proceeding was brought pursuant to article 78 of the CPLR for a court order compelling Mary Lou Sabers to deliver to the attorneys for Babchak and Cleary copies of typed testimony taken at a preliminary hearing and compelling the County Comptroller to pay her the amount legally due for her services. Although the title under which this order to show cause ivas brought was that of the criminal action pending, and was not the proper title for purposes of this proceeding, all the necessary parties having been before the court and there being no prejudice to any party in amending the title and the issues raised being of a vital and urgent nature, to the petitioners, the court on its own motion amended the title of this proceeding.
The petitioners Babchak and Cleary were indicted by the Erie County Grand Jury at its February 1967 Term for the crime of first degree murder. Prior to the indictment a preliminary hearing was conducted in the City Court of Buffalo before the Honorable William J. Ostrowski, for the defendant Cleary, and the testimony at that proceeding was recorded by respondent Sabers. It is admitted by the parties hereto, that counsel for Babchak and Cleary thereafter requested a copy of the transcript and that respondent Sabers was advised of the indigency of these two defendants. Subsequently, by letter to respondent Sabers, dated March 6, 1967, counsel for Babchak cancelled his request and advised her he would seek a court order compelling the furnishing of the said transcript.
Respondent Sabers contends that she is not obligated to provide counsel for the indigent defendants ivith copies of the transcript until she receives payment at the rate of 20 cents per folio. Counsel for the indigents contend that having requested the transcript and having provided the requisite affidavit of *152 indigency they are entitled to the said transcript within a reasonable period and that the time and amount of payment for the .said transcript concerns only the respondent Sabers and the County Comptroller with which issue petitioners are not involved and the determinations of which should not preclude them from obtaining the requested transcript immediately.
The Brie County Bar Association Aid to Indigent Prisoners Society Inc., appearing amicus curies by permission of the court, request that this court implement reasonable rules and procedures for prompt production of transcripts to counsel for indigent accused. They have presented the court with a copy, of a contract between the County of Brie and their society, entered into pursuant to section 722-a of the County Law which provides for the assignment of counsel, their compensation, and the payment by the county of expenses incurred in the representation of indigents.
The basic issue here is the rate of compensation a City Court stenographer is entitled to receive from the County of Brie for furnishing the transcript of a preliminary hearing to the assigned counsel of an indigent accused. This issue is only of concern to respondent Sabers, the stenographer, and the County of Erie. However, the controversy over payment has raised another vital issue in that the stenographer’s refusal to provide the transcript until she has been paid at the rate demanded by her may or could jeopardize these indigent defendants’ constitutional rights to a fair and speedy trial and may prevent their counsel from preparing their defense.
A defendant or his attorney is entitled to a copy of the transcript taken at a preliminary hearing within two days after demand upon payment of the prescribed fee (Code Crim. Pro., § 206). This section unequivocally affords a defendant capable of paying for it an absolute right to a transcript of a preliminary hearing. The exercise of this statutory right cannot be conditioned upon a defendant’s ability to pay under the equal protection clause of the Federal and State Constitutions (People v. Montgomery, 18 N Y 2d 993; Matter of Taylor v. Tippett, 27 A D 2d 703 [4th Dept.]). The transcript must be provided to the indigent or his counsel upon request accompanied by an affidavit of indigency. To withhold the transcript would be a deprivation of the defendants’ constitutional rights of equal protection under the laws and could seriously impair a speedy and fair trial. It having been conceded on oral argument that the transcript had been ordered and the indigency of these defendants having been established, the court after hearing the arguments of the respective counsel ordered that the transcript *153 be tendered to counsel for the petitioners, the compensation of respondent Sabers to abide the decision of the court to follow the submission of briefs by counsel.
As indicated above only the defendant Cleary was a party to the preliminary hearing, the transcript of which is at issue here. It is the contention of the defendant Babchak that a copy of the transcript of the Cleary hearing is essential to the preparation of his defense since the indictment charges Babchak with acting in consort with Cleary in the commission of the crime. The court agrees with this contention and accordingly has ordered that a copy of the transcript of the Cleary hearing be furnished to Babchak.
The petitioners having” been granted an order requiring the tender of the transcripts the court now turns to the question of the compensation to be paid by the county to respondent Sabers.
The county contends that the prescribed statutory rate of compensation for this transcript is 5 cents per folio pursuant to section 206 of the Code of Criminal Procedure which states: 11 If the defendant be held to answer the charge, the magistrate or his clerk having custody of the depositions taken on the information or examination, and of the statement of the defendant, must, on payment of his fees at the rate of five cents for every hundred words, and within two days after demand, furnish to the defendant, or his counsel, a copy of the depositions and statement, or permit either of them to take a copy.”
The respondent Sabers contends that the prescribed rate is 20 cents a folio and relies on subdivision (c) of' section 1911 of the Uniform City Court Act, CPLR 8002 and section 10 of the Buffalo City Court Act.
Subdivision (c) of section 1911 of the Uniform City Court Act provides: “ Stenographer’s fees. A stenographer shall be entitled to the fees prescribed by the CPLR.”
The CPLR 8002 provides: “Stenographers — Unless otherwise agreed or provided by law, a stenographer is entitled, for a copy fully written out from his stenographic notes of testimony or other proceedings taken in a court, and furnished upon request to a party or his attorney, to a fee of twenty cents for each folio. ’ ’ (Emphasis supplied.)
Section 10 of chapter 570 of the Laws of 1909 (the Buffalo City Court Act), as amended by chapter 753 of the Laws of 1956, provides in part: “ Each such court stenographer may furnish to any one applying therefor a transcript of said minutes and may charge and receive therefor the sum of tioenty cents for each folio of one hundred words contained in said transcript, the *154 same to be paid in advance to the stenographer by the party applying therefor.” (Emphasis supplied.)
The issue which must be decided here is which of these statutes apply to the present case. Subdivision (c) of section 1911 of article 19 of the Uniform City Court Act provides for payment of stenographers’ fees as prescribed by the CPLR which in section 8002 provides a rate of 20 cents per folio ‘ ‘ Unless otherwise agreed or provided by law.” However, in the court’s judgment, article 19 of the Uniform City Court Act is not applicable to the present case for it obviously applies only to civil matters, criminal jurisdiction and procedure being separately treated in article 20 of the Uniform City Court Act which article makes -no provision for the payment or amount of stenographers’ fees. Hence, absent any other applicable act or statute establishing the rate of compensation to stenographers in criminal matters, section 206 of the Code of Criminal Procedure would govern. Even if subdivision (c) of section 1911 of article 19 of the Uniform City Court Act was determined to be applicable in this case, the rate provided by CPLR 8002 is not determinative of the stenographer’s fee because a rate is “ otherwise * * * provided by law ” (Code Grim. Pro., § 206). The sole remaining issue, then, is whether or not there is any other applicable statute or act extant, which supersedes section 206 of the Code of Criminal Procedure, 5 cents per folio rate.
. The Buffalo City Court Act which was initially enacted by chapter 570 of the Laws of 1909, provides in article I, for (1) the establishment of the court; (2) the number of Judges; (3) the election and qualification of Judges; (4) the removal of Judges and filling of vacancies; (5) compensation of Judges; (6) powers and duties of the Chief Judge; (7) meetings of Judges; (8) provisions by the Common Council for the court; (9) additional Judges; (9-a) temporary appointment of Judges; (10) court stenographers, clerks, interpreters and other employees; appointment and removal; (11) duties of chief clerk. These sections deal with the composition and internal structure of the court and do not regulate “the jurisdiction, practice or procedure of the courts ” (Uniform City Ct. Act, § 2300, subd. [g]). Furthermore, the subject matter of these section's is not dealt with in the Uniform City Court Act. For both of these reasons, the court holds that article I of the Buffalo City Court Act is not superseded or repealed by 'Section 2300 of the Uniform City Court Act or any other provision thereof. Article I, including section 10 thereof, remains in effect with its provision for payment of stenographers’ fee's at the current rate of 20 cents per *155 folio and determines the rate of compensation in the present case if it supersedes section 206 of the Code of Criminal Procedure.
The Buffalo City Court Act being a special Act repeals section 206 of the Code of Criminal Procedure, a general law, insofar as it prescribes stenographers’ fees in criminal eases in the City Court of Buffalo. (‘McKinney’s Cons. Laws of N. Y., Boole 1, Statutes, § 397.) To hold otherwise, would be to render section 10 of the Buffalo City Court Act, a special law, totally ineffective as it would be 'superseded by the Code of Criminal Procedure. The rate of compensation for the transcript of this preliminary hearing taken in City Court is, therefore, determined to be 20 cents per folio.
Finally, we turn .to respondent Sabers’ contention that she need not release a transcript to the County Comptroller or to counsel for an indigent accused unless and until she is paid. As authority for this position she relies on that part of section 10 of article I of the Buffalo City Court Act which provides that “ the same [fee] to be paid in advance to the stenographer by the party applying therefor(Emphasis supplied.) The Montgomery case (18 N Y 2d 993, 994 supra) unequivocally declares that “ the State cannot * * * deny a defendant * * * access to a transcript of a preliminary hearing because of his inability to pay”. By the same reasoning a court stenographer cannot make payment in advance of delivery of the transcript a condition precedent to its delivery in any case involving an indigent accused nor delay the delivery or refuse to deliver the transcript pending audit of the claim or settlement of any dispute between the stenographer and the paying governmental agency. The amount and time of payment are subordinate to the right of the accused to access to the transcript of the preliminary hearing as soon as it is requested. The provisions of the several statutes for payment “in advance” of stenographers’ fees were obviously designed to eliminate the risk of nonpayment where the request for the transcript is made by individuals of varying degrees of moral and financial responsibility. No such risk of nonpayment exists where, as here, the ultimate responsibility for payment rests with a governmental agency.
The court holds that when a request is made by the County of Erie to a stenographer for the transcript of a preliminary hearing with a statement or certificate that the request is made on behalf of an indigent prisoner or accused, the stenographer must “ with all reasonable diligence ” furnish the transcript to the county for delivery to the indigent.
*156 It appears from the exhibits accompanying the memorandum of law submitted by the Erie County Bar Association Aid to Indigent Prisoners Society Inc. that it has prepared a form letter to he used by assigned counsel for indigent defendants addressed directly to the stenographer, with an affidavit of indigency, requesting that the transcript be prepared and forwarded to the County Comptroller’s office with a bill for services. The court disapproves this procedure. The request to the stenographer should come from the County Comptroller’s office, for only when the request is made from that source can the stenographer he assured in advance of preparation of the transcript that the paying agency has accepted the fact of indigency and assumed responsibility for payment. The system proposed by the society would leave the stenographer exposed to possible disagreement by the county on the issue of indigency.