MARY R. ABBOTT, as Administrator of the Estate of NICHOLAS P. ATHANS, Deceased, Respondent, v. SOUTH BUFFALO RAILROAD COMPANY et al., Appellants.

Memorandum: In the exercise of a proper discretion Special Term should have denied so much of plaintiff's motion as sought pretrial examination of the members of the train crew of defendant railroad company separate and apart from each other. The record contains statements taken by plaintiff's representative shortly after the accident from such of these witnesses as were in a position to see the occurrence. Therefore we see no necessity for the requested direction. We understand from the oral argument that plaintiff has abandoned so much of her application as sought to exclude a claim representative of the defendant railroad company from the pretrial examination. (Appeal from order of Erie Special Term granting discovery and inspection.) Present — Williams, P. J., Bastow, Del Vecchio and Marsh, JJ.

In the Matter of JACK W. HUNT, Respondent, v. ERIE COUNTY, Appellant.

Memorandum: In making the order for payment of stenographic daily copy furnished to him, the Trial Justice failed to give effect to the provision of rule 4.b of the Rules Governing Reporters Assigned to the Supreme Court-Eighth Judicial District and the County Court of Erie County, which limits the county's liability for daily copy furnished on the Trial Judge's order to 20 cents per folio (the amount fixed by CPLR 8002) when copy is also sold and furnished to a party. The purchase of two copies of transcript by the People of the State of New York, through their counsel the Assistant Attorney-General, was a sale to a party in the criminal proceeding. The direction for payment is reduced to $2,344.80, representing 5,862 pages (erroneously stated in the order entered August 31, 1966 to be 5,286 pages and a total amount of $4,396.50) at 40 cents per page. Inasmuch as the records furnished on this appeal and the appeal in the companion case provide the information necessary to fix the county's liability, the matter need not be remitted to require the stenographer to supply the voucher prescribed by rule 5 of the rules applicable to court reporters in the eighth district prior to determination. However, compliance with this requirement is a prerequisite to payment in this and other instances where application is made pursuant to the rules for compensation over and above the regular salary of an official court stenographer. Accordingly, the order of modification conditions payment of the reduced allowance upon submission of a voucher in accordance with rule 5. (Appeal from order of Erie Special Term denying motion to vacate order directing payment of stenographer's fees.) Present — Williams, P. J., Bastow, Henry and Del Vecchio, JJ.