OOPIE RENEAU, Petitioner,

*v.*

CLAY COUNTY, Tennessee, Respondent.

427 S.W.2d 836.

(*Nashville,* December Term, 1967.)

Opinion filed May 3, 1968.

J. H. RENEAU, JR., and J. H. RENEAU, III, Celina, for petitioner.

WILLIS E. SPEAR and KARL E. MONROE, Celina, for respondent.

MR. JUSTICE DYER delivered the opinion of the Court.

Petitioner, Oopie Reneau, served as Secretary to the County Judge of Clay County, Tennessee, from July 1, 1963 until July 1, 1965. On November 9, 1965, the Quarterly County Court of Clay County, Tennessee, set the salary for petitioner at $75.00 per month to be paid her from July 1, 1963 until July 1, 1964. Under this record the Quarterly County Court has taken no further action on the matter of petitioner's salary.

This suit was filed against Clay County in the General Sessions Court for salary due from July 1, 1964 to July 1, 1965, at $75.00 per month, or a total of $900.00. Petitioner sought to recover on either of the two counts as follows:

1st Count: For stenographic and clerical work, needed by the county judge of Clay County, Tennessee, in the performance of his official duties, and done by the plaintiff under a continuing contract of employment by said county judge, from July 1, 1964, through

June _____, 1965, at a monthly salary of $75.00, which monthly salary had been fixed by the Quarterly County Court of said county at said amount, and which had been paid up to July 1, 1964.

2nd Count: For stenographic and clerical work, needed by the county judge of Clay County, Tennessee, in the performance of his official duties, and done by plaintiff under a continuing contract of employment by said county judge, from July 1, 1964 through June _____, 1965, said stenographic and clerical work done by the plaintiff being reasonably worth, on a quantum meruit basis, the sum of $75.00 per month.

Upon dismissal of the case by the General Sessions Court, appeal was taken to the Circuit Court where petitioner obtained a judgment for $900.00. Upon appeal the Court of Appeals has reversed the judgment of the Circuit Court. The case is here on grant of the writ of certiorari.

The General Assembly of Tennessee enacted Chapter 196, Public Acts of 1959, which is as follows:

AN ACT entitled: AN ACT to authorize County Judges and County Chairmen in the counties of this State to employ or appoint necessary stenographic and clerical help to aid them in the performance of their duties; to provide a minimum salary for said employees or appointees and to fix the duties of such employees or appointees.

SECTION 1. BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF TENNESSEE, That the County Judges and County Chairmen in the counties of the State of Tennessee be authorized

to employ stenographic and clerical help needed by them in the performance of their duties.

Said employees or appointees shall receive an annual salary paid in monthly installments out of the general funds of the county in which they are employed. The salary schedule for said employees or appointees shall be at the time of the election of the County Judge as follows:

(1) Counties with population of 50,000 or more—$2,000.

(2) Counties with population of less than 50,000 but more than 25,000—$1,900.

(3) Counties with population of less than 25,000 but more than 15,000—$1,800.

(4) Counties with population of less than 15,000 but more than 10,000—$1,750.

(5) Counties with population of less than 10,000—None.

SECTION 2. BE IT FURTHER ENACTED, That this Act shall not affect or modify any Private Act for any county in the State fixing the salary of any stenographic or clerical helper of any County Judge or Chairman.

SECTION 3. BE IT FURTHER ENACTED, That the Quarterly County Courts or Governing Body of the various counties in this State are hereby authorized to fix the salary of any stenographic or clerical helper of the County Judge or County Chairman.

SECTION 4. BE IT FURTHER ENACTED, That this Act shall take effect from and after its passage, the public welfare requiring it.

Under this statute the county Judge of Clay County was authorized to employ petitioner as a secretary in his office and during the time here at issue, July 1, 1964 to July 1, 1965, she was an employee of Clay County and entitled to be paid out of the general funds of the County. Petitioner, as a secretary is a subordinate employee of the County, and as such does not hold an office within the meaning of Article 11, Section 17 of the Constitution of Tennessee. See *Williams v. Cothron,* 199 Tenn. 618, 288 S.W.2d 698 (1955).

The Legislature having authorized the employment of clerical help and determined the salary schedules, as is usual in such statute, divided the counties in the State on a population basis, setting a salary for each classification. Reading the statute in its entirety, particularly in view of the language in the caption, we think it was the intent of the Legislature that the dollar amounts in each classification be a minimum salary. To hold the dollar amounts used in each classification to be the exact salary would denude Section 3 of this Act of any meaning. Under Section 3 of this Act the governing body of the county is authorized to fix the amount of the salary, which means for example the governing body of the county in the first classification is authorized to fix the salary at any figure they choose with the exception it cannot be below $2,000.00 annually.

Clay County having a population of less than 10,000 comes within the fifth classification of this statute where the Legislature has chosen to fix no minimum salary,

which from what we have said above allows the Quarterly County Court of Clay County to fix the salary for clerical help employed by the County Judge pursuant to this statute at any figure it may choose.

The Quarterly County Court having chosen to fix no salary for the period here at issue, the decision is whether petitioner can recover on a quantum meruit basis.

We think petitioner can recover for her services for the period July 1, 1964 to July 1, 1965. The theory of quantum meruit or implied contract is applicable to a county in cases wherein the county has authority to make an express contract. *Bank of Erin v. Houston County,* 6 Tenn.App. 638 (1938). The statute above copied authorized the County Judge, acting for the County, to employ petitioner as a secretary in his office. The Quarterly County Court for the time here in question having failed to fix the salary as it is authorized to do, and, in fact, is its duty to do, we think the petitioner is entitled to be paid on a quantum meruit basis.

The judgment of the Court of Appeals is reversed and the judgment of the Circuit Court of Clay County is affirmed. The cause is remanded to the Circuit Court of Clay County for any necessary orders not inconsistent with this opinion.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.