■ GEORGE S. COVEL et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 45736.) In the Matter of GEORGE S. COVEL et al., Respondents, v. ARTHUR LEVITT, as Comptroller of the State of New York, Appellant, and NEW YORK STATE THRUWAY AUTHORITY, Respondent.— HERLIHY, J. Appeal by the State of New York from an order of the Court of Claims which denied its motion to dismiss the claim and appeal by the Comptroller from so much of a judgment of Special Term as directs him to honor certain vouchers of the CPLR article 78 petitioners as had been duly approved by the respondent Authority, but rejected by him. These appeals were prosecuted simultaneously,

as common questions of law and fact are included. The basic factual situation is simple. The claimants-petitioners are official stenographers of the Court of Claims and seek payment for daily delivery of six copies of minutes of the trial of the claim *New York State Thruway Auth.* v. *State of New York* at the rate of $1 per page per copy or a total of $6 per page. Of this $6 the claimants-petitioners seek $3.50 per page from the Thruway Authority in a proceeding pursuant to article 78 of the CPLR and $2.50 per page from the State of New York in a separate claim brought in the Court of Claims. The six copies involved were delivered as follows: one copy for each of three Referees who were appointed by Judge Foster to hear and report on the original claim of the Thruway Authority, two copies for counsel of the Thruway Authority; and one copy for the Attorney-General. Official stenographers of the Court of Claims are paid $15,934 yearly as State employees and are given office space, equipment, supplies and typists paid by the State. The Authority concedes that its counsel agreed to the sum of $3.50 and for the purpose of this proceeding we must accept as true the allegation that the counsel for the State agreed to pay the sum of $2.50. We find that the right of the petitioners to charge the parties to a claim any sum of money for copies of the minutes and testimony is governed by subdivision 3 of section 5 of the Court of Claims Act which provides as follows: " 3. No charge shall be made against the state by the clerk or the stenographers for copies of minutes, testimony or papers, furnished to the attorney-general or to the court, or filed in the office of the clerk. The claimant shall pay to the stenographer ten cents a folio for copies of the minutes and testimony furnished at his request." The above-quoted language is clear and unambiguous and accordingly, we find that the claimants may not recover against the State for transcription charges and the order of the Court of Claims should be reversed and the claim dismissed.

*Matter of Covell* v. *Levitt et al.*

The arguments of the Comptroller and the petitioners require further consideration. We find that it is unnecessary to determine whether or not the Authority is the alter ego of the State within the meaning of the first sentence of the above-quoted statutory language. The New York State Thruway Authority assumed the status of a claimant in the Court of Claims by an act of the Legislature (see L. 1964, ch. 669) and accordingly, is governed by the second sentence of the above-quoted statutory language. Pursuant to the unusual circumstances of the present case — the Authority being a claimant — the petitioners are entitled to 10 cents a folio for such copies as were furnished at its request. Since the petitioners do not question the power of the Comptroller, we find that he was correct in refusing to honor the present vouchers. We would note that the fee per folio under CPLR 8002 was increased by the Legislature in 1965. If the compensation of 10 cents per folio allowed by the Court of Claims Act is inadequate for furnishing daily copies or if the section should correspond with CPLR 8002 by the addition " Unless otherwise agreed or provided by law ", then the remedy of the stenographers would be with the Legislature and not with the courts. Insofar as it appears in the instant proceeding that there is some question between the Comptroller and the Authority as to the duty of the Comptroller in regard to honoring duly approved vouchers of the Authority, it should be noted that we do not reach or determine such issue, but determine the present cases solely on the right of petitioners-claimants to collect fees in excess of those allowed by the Court of Claims Act. The order of the Court of Claims is reversed, on the law and the facts, and the claim dismissed without costs. Judgment of Special Term reversed, on the law and the facts, and petition dismissed, without costs, and without prejudice to the

filing of new vouchers, not inconsistent herewith. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Herlihy, J.