[Civ. No. 39309. Second Dist., Div. Two. June 20, 1972.]

ROBERT KANOVITZ, Plaintiff and Appellant, v.
MARK H. BLOODGOOD, as Auditor-Controller, etc., et al.,
Defendants and Respondents.

COUNSEL

Fourt & Schechter and Thomas Lisle Schechter for Plaintiff and Appellant.

John D. Maharg, County Counsel, and William F. Stewart, Deputy County Counsel, for Defendants and Respondents.

OPINION

ROTH, P. J.—Appellant, a state certified official court reporter, raises a single issue on the basis of uncontroverted facts: Is the provision of Penal Code, section 869 requiring a court reporter to furnish a copy of a felony preliminary hearing "without charge" to the county valid and enforceable?

In the case at bench, appellant reported and caused to be transcribed the record of a preliminary hearing held in the municipal court; certified and delivered the record and copies thereof in a timely and lawful manner; and then presented the Auditor-Controller of Los Angeles County with an affidavit which included charges for the single copy delivered to the county. The auditor-controller authorized compensation in the amount of $28 for two copies and disallowed a claim of $33.60 which had been made on the basis of three copies; appellant brought a writ of mandate in the superior court to which respondents (the Auditor-Controller and Treasurer of Los Angeles County) entered a demurrer which was granted without leave to amend. This appeal followed.

 Appellant's argument is predicated on the theory that Penal Code, section 869 is unconstitutional ". . . to the extent that it selects only court reporters performing felony preliminary services for a species of taxation in that only a court reporter performing felony preliminary services is compelled to furnish one copy of the transcript without charge to the county . . ." and that this procedure violates the equal protection clause of the federal and state Constitutions.[1] Appellant buttresses his argument with a host of decisions which have proscribed unequal treatment in the economic field (e.g., *Sail'er Inn, Inc.* v. *Kirby,* 5 Cal.3d 1 [95 Cal. Rptr. 329, 485 P.2d 529]), contending that "in no other court reporting service is the reporter required to subsidize the court or the litigants."

 It is settled that "If the selection or classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of equal protection of the law" (*Brown-Forman Co.* v. *Kentucky,* 217 U.S. 563, 573 [54 L.Ed. 883, 887, 30 S.Ct. 578]) and that "Statutes create many classifications which do not deny equal protection; it is only 'invidious discrimination' which offends the Constitution." (*Ferguson* v. *Skrupa,* 372 U.S. 726, 732 [10 L.Ed.2d 93, 98, 83 S.Ct. 1028, 95 A.L.R.2d 1347].)

 Conceding, as is only appropriate, that court reporters in both kinds of proceedings are equally skilled, it does not follow that the state is *constitutionally* compelled to compensate the court reporter for the preparation of preliminary hearing transcripts on the same basis as for other work performed by the same reporter. In *Babchak* v. *Sabers,* 54 Misc.2d 150 [282 N.Y.S.2d 615, 620-621], and *Love* v. *Duncan* (Ky.) 256 S.W.2d 498, 503, New York and Kentucky statutes authorizing different bases of compensation for court reporters in civil and criminal cases were approved by the courts of those states.

A provision of New York law requiring reporters to furnish without charge transcripts for the use of the judge was upheld in *Hammond* v.

---

[1]Appellant must of necessity attack the constitutionality of section 869 since it has been firmly established that a court reporter, as any other individual being compensated by the state, is entitled only to the sum allowed by statute. (*United States* v. *Metzger* (9th Cir. 1943) 133 F.2d 82, 83, cert. den. *sub nom. Oswald* v. *United States,* 320 U.S. 741 [88 L.Ed. 439, 64 S.Ct. 41]; *Lipman* v. *Commonwealth of Massachusetts,* 311 F.Supp. 593, 595; *Kirtz* v. *Grossman* (Mo.) 463 S.W.2d 541, 545.) Courts cannot award fees in excess of statutory rates (*Application of Hunt,* 28 App.Div.2d 1084 [285 N.Y.S.2d 137]; see *City of Vermillion* v. *Williams* (S.D.) 174 N.W.2d 331, 334 [no authority to exonerate county from statutory duty to pay reporter]), even when counsel for the state agreed to higher compensation. (*Covel* v. *State,* 30 App. Div.2d 753 [291 N.Y.S.2d 552, 554].) Only when the statute effectively omitted to set fees was payment on a quantum meruit basis allowed. (*Reneau* v. *Clay County,* 221 Tenn. 486 [427 S.W.2d 836, 838].)

*Joseph,* 271 App.Div. 677 [67 N.Y.S.2d 736], affirmed in 297 N.Y. 574 [74 N.E.2d 552], and a law similar in effect was approved in *Goldstein* v. *Berry,* 232 App.Div. 583 [251 N.Y.S. 47] (accord, *Crane* v. *City of New York,* 185 Misc. 456 [57 N.Y.S.2d 251, 253]). However, quite apart from the propriety of a different rate of compensation, there is no showing at bench that the volume of felony preliminary hearings is not such as would warrant a per-unit rate that results in a wholly equitable total compensation to the court reporter engaged in such work.[2]

Absent any overriding constitutional infirmity, appellant can receive only that compensation which is expressly authorized by law. (*County of San Diego* v. *Milotz,* 46 Cal.2d 761, 767 [300 P.2d 1]; fn. 1, *supra.*)

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.

---

[2]As appellant himself asserts, he will have, in 1971, reported in excess of 400 felony preliminary hearings.