OPINION OF THE COURT
Arthur D. Spatt, J.
This motion by plaintiff Bernard Fried, pro se, for an order, pursuant to CPLR 5525 and 8002, compelling respondent Maxine T. Estrada, an official court stenographer, Supreme Court, Nassau County, to furnish him, at the “statutory rate”, with the stenographic record of certain proceedings had before this court on September 17, 1980 (Pantano, J.), is determined as set forth below.
CPLR 8002 sets forth the “statutory rate” at which court reporters must (see 8 Weinstein-Korn-Miller, NY Civ Prac, par 8002.05), absent agreement, supply transcripts to litigants. The statute provides as follows:
“§ 8002. Stenographers.
“Unless otherwise agreed or provided by law, a stenographer is entitled, for a copy fully written out from his stenographic notes of testimony or other proceedings taken in a court, and furnished upon request to a party or his attorney, to a fee of thirty cents for each folio.” (Emphasis supplied.)
Plaintiff maintains that the term “folio” should be defined as a “folded page”, thus resulting in a computation of two pages per folio. In the instant case, the transcript at issue is approximately 50 pages. Thus, plaintiff maintains *777 that the cost should be 30 cents per folio times 25, or $7.50. Not so, maintains the court reporter. She asserts that there are 2.5 folios per page, thus entitling her to a statutory fee of 75 cents per page, times 50, or a total cost of $37.50.
Central to the determination herein is the meaning and application of the term “folio”.
It should be noted preliminarily that, while on this motion plaintiff claims financial hardship, he has apparently not sought an order permitting him to maintain his appeal from Mr. Justice Pantano’s order, as a poor person (see CPLR 1101). Similarily, no agreement has been made by Mr. Fried and respondent so as to fix the per folio rate at a greater or lesser level than that fixed by statute.
CPLR 8002, like its predecessor statutes, section 1544 of the Civil Practice Act and section 3311 of the Code of Civil Procedure define the cost of stenographically transcribed minutes on a per “folio” basis. Prior to its repeal by chapter 1198 of the Laws of 1971, section 21 of the General Construction Law, and, prior to 1914, section 11 of the Statutory Construction Law (L 1892, ch 677), defined the term folio as: “one hundred words, counting each figure as a word.”
These provisions of the General Construction Law provided a clear meaning of the term “folio”. (See Matter of Murtaugh, 71 Misc 513.) Although the term “folio” has been retained as a “term of art”, independent of its plain meaning “100 words” (compare Matter of Conway v Taylor, 19 AD2d 603), the two measures are synonymous. In other words, the term “folio” means 100 words.
However, in an apparent recognition that, on the average, a stenographic transcript consists of between 200 to 250 words per page, courts, in applying the term “folio”, have, in several cases, found that a “page” consists of between 2 and 2.5 folios. (See Matter of Hunt v Erie County, 28 AD2d 1084, affd 22 NY2d 712; People ex rel. Loft, Inc. v Sexton, 165 Misc 2d 564.) Such a rule of thumb reduces the burdensome task of a word-by-word count in each case.
Upon the foregoing the court finds as follows:
The statutory rate applicable herein (CPLR 8002) shall be 30 cents per 100 words.
*778 - As the transcript is estimated to be 50 pages in length, the court shall permit, in the first instance, the 2.5 folios per page rule of thumb. Thus, plaintiff Fried shall forward to respondent, within 20 days of the date hereof, the sum of $37.50 as and for the-estimated cost of the transcript. Such payment shall be made by certified check or money order. Upon receipt of such sum and the service upon her of a copy of this order, the respondent shall transcribe, as per CPLR 5525, the stenographic minutes within 20 days thereafter.
Upon the preparation of the transcript, respondent shall notify plaintiff and permit plaintiff, if he so chooses, to review the transcript. At the time of this review, plaintiff may make a word by word count of the transcript. If, upon such count, it is determined that he has overpaid or underpaid, there shall be, prior to the plaintiff taking possession of the transcript, a recomputation of the reporter’s fee.
If plaintiff chooses not to conduct such a count, then the 2.5 ratio shall apply, and if the final page total exceeds 50, plaintiff shall remit to respondent an additional 75 cents for each additional transcript page prior to his delivery of the transcript. Of course, if the total number of pages is less than the 50 page level, respondent shall refund to plaintiff the amount of the overcharge at the time she delivers a copy of the transcript to him.