■ RUDOLPH M. JACOBSON, Individually and as Minority Stockholder of GLOBAL METALS CORPORATION, Appellant, v RICHARD B. A. VANRHYN et al., Respondents.—In an action, *inter alia,* to recover damages for an alleged breach of a stockholders' agreement and to permanently enjoin the statutory dissolution of the defendant Global Metals Corporation (hereinafter Global), the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Slifkin, J.), dated September 26, 1985, which, after a nonjury trial, *inter alia,* dismissed the complaint and awarded Global $7,284 for the cost of the trial transcript.

Ordered that the judgment is modified, on the law, by deleting from the third decretal paragraph thereof the phrase "in the amount of $7,284". As so modified, the judgment is affirmed, with one bill of costs to the defendants, and the matter is remitted to the Supreme Court, Westchester County, for a recomputation of the proper amount to be awarded to Global for the cost of the trial transcript.

The trial court's findings that the plaintiff, a law school graduate, director and holder of one third of the shares of Global, waived any right he may have had to challenge the adoption of a certain incentive compensation plan which he abstained from voting upon initially *(see, Matter of Meachem v New York Cent. R. R. Co.,* 8 NY2d 293, 299; *Hadden v Consolidated Edison Co.,* 45 NY2d 466, 469), and that the plaintiff was equitably estopped from impeaching the plan after he acted in a manner inconsistent with its repudiation *(see, Rothschild v Title Guar. & Trust Co.,* 204 NY 458, 464; *Sassower v Barone,* 85 AD2d 81, 88), were not against the weight of the evidence *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 498). The record further supports the trial court's finding that the individual defendants, who together own a majority of the shares of Global, did not act in bad faith or breach their fiduciary duty to the plaintiff minority shareholder *(see, Alpert v 28 Williams St. Corp.,* 63 NY2d 557; *cf., Kavanaugh v Kavanaugh Knitting Co.,* 226 NY 185, 198) in regard to voting upon a resolution to dissolve the corporation pursuant to Business Corporation Law § 1001.

The record indicates that pursuant to a stipulation between the parties, the plaintiff, being the one against whom costs were awarded, was required to pay for the trial transcript. However, the amount requested by the court reporter, $7,284, and handwritten into the judgment, was based upon a rate of $1.20 per page for an original and four copies of the 1,214-page transcript. This rate exceeded the "statutory rate" at which court reporters were required, absent agreement, to supply transcripts ordered prior to August 5, 1984 *(see,* CPLR former 8002; 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 8002.05; *Fried v Langs,* 106 Misc 2d 776). Thus, there is a question in this case as to whether the $7,284 charged by the court reporter was excessive. The case must be remitted to the Supreme Court, Westchester County, for a determination of the proper amount to be awarded to Global for the cost of the trial transcript. Bracken, J. P., Lawrence, Eiber and Spatt, JJ., concur.