■ CARMEL N. DONOVAN et al., Individually and as Shareholders of LH RADIOLOGISTS, P.C., Appellants-Respondents, v LEWIS ROTHMAN et al., Appellants, and LENOX HILL HOSPITAL, Respondent, et al., Defendants. [756 NYS2d 514] —Order, Supreme

Court, New York County (Herman Cahn, J.), entered January 15, 2002, which, to the extent appealed and cross-appealed from as limited by the briefs, granted in part the motion of defendant Lenox Hill Hospital (the Hospital) to dismiss the sixth cause of action, and denied the cross motion of defendant Lewis Rothman (Rothman) to dismiss that portion of the third cause of action against Rothman alleging that he breached his fiduciary duty to defendant LH Radiologists, P.C. (LHR) by causing the corporation to make payments to the Hospital, unanimously modified, on the law, to the extent of dismissing that part of the third cause of action that seeks to recover from Rothman payments made to the Hospital pursuant to a certain supplemental agreement, and otherwise affirmed, without costs.

The court properly concluded that plaintiffs' claim against the Hospital, pleaded in the sixth cause of action, to recover payments made by LHR to the Hospital pursuant to a certain supplemental agreement between the Hospital and LHR is barred by the doctrine of in pari delicto (*see McConnell v Commonwealth Pictures Corp.*, 7 NY2d 465, 469; *Sachs v Saloshin*, 138 AD2d 586; *Ford v Henry*, 155 Misc 2d 192; *see also Diversified Group v Sahn*, 259 AD2d 47, 51-52). Plaintiffs were signatories to the allegedly illegal agreement.

Similarly, plaintiffs are estopped from challenging Rothman's actions with respect to the supplemental agreement pursuant to which the payments were made (*see Pinnacle Consultants v Leucadia Natl. Corp.*, 94 NY2d 426, 433-434; *Diamond v Diamond*, 307 NY 263, 266; *Jacobson v VanRhyn*, 127 AD2d 743; *Winter v Bernstein*, 149 Misc 2d 1017, 1020, *affd in relevant part* 177 AD2d 452). While plaintiffs may have legitimate claims of self-dealing and breach of fiduciary duty by Rothman *after* the agreement was signed (*see Matter of Purnell v LH Radiologists*, 90 NY2d 524; *Donovan v Rothman*, 256 AD2d 184; *Donovan v Rothman*, 253 AD2d 627), at the time all parties signed the agreement, plaintiffs believed themselves shareholders and, by their signatures, assented to the provisions of the agreement. Thus, the court should have dismissed that portion of the third cause of action seeking to recover from Rothman payments LHR made to the Hospital pursuant to the agreement.

The Hospital's arguments that the entire sixth cause of action should have been dismissed as barred by the six-year statute of limitations and that the complaint as against it is defectively pleaded are not properly before us, no cross appeal having been taken by the Hospital. Were we to address these arguments on the merits, however, we would reject them.

We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Sullivan, Ellerin, Marlow and Gonzalez, JJ.